Argued June 17, affirmed as modified August 13, 1970

STATE OF OREGON, *Respondent, v.*
MAX LEO COMBS, *Appellant.*

473 P2d 672

*Gary D. Babcock*, Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Jeffrey M. Lake*, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from conviction of failure to support his child. ORS 167.605. He assigns as error the court's (1) allowing the prosecution to elect a 60-day period of time during which the offense occurred which was different than the "date" alleged in the indictment, and (2) overruling objections to the cost bill taxing defendant for costs and attorney fees, and requiring their payment as a condition of probation.

■ ■ The indictment alleged the crime occurred on or about December 11, 1968. After the evidence was in, the state elected the dates "from August 1, '68, to October 1, '68." Defendant contends that under the Fourteenth Amendment to the United States Constitution, and Art I, § 11 of the Oregon Constitution, the substantive dates of the indictment may not be changed. Where prejudice results to the defendant from such a change the defendant's argument will prevail, as was pointed out in *State v. Howard*, 214 Or 611, 616, 331 P2d 1116 (1958):

> "Since time is not an essential ingredient of the crime * * * the State was not required to prove that the act * * * relied upon as a violation of ORS 167.040 was committed on September 27, 1957 as recited in the indictment; it is enough if the State elected to prove and did prove that an act * * * was committed by the defendant on or about August 1, 1957. Proof that the act was committed

> sometime during the first week in August was sufficient. The variance between the time recited in the indictment and the time elected by the State may be fatal if the defendant's rights are thereby prejudiced. This may occur if the election of a date other than that stated in the indictment prejudices the defendant's defense. But the defendant did not establish prejudice in this case. * * * [H]e was apprised of the election during the course of the State's opening statement. He had the opportunity to request a continuance if there was need for additional time to prepare his defense. The defendant does not explain how his defense was prejudiced * * *."

The transcript in the case at bar does not, as it should, contain opening statements, but it shows that the dates upon which the state would rely were included in the testimony of its first witness. The defendant did not object to that evidence. He does not explain how his defense was prejudiced by the dates submitted.

■ ORS 132.610 provides that the precise time at which the crime was committed need not be stated in the indictment except where time is a "material ingredient" of the crime.

Defendant contends that time was a "material ingredient" in the case at bar, because the failure to support, under ORS 167.605, must continue for 60 days. *State v. Francis*, 126 Or 253, 267, 269 P 878 (1928), by necessary implication, holds to the contrary.

The meaning of time as a "material ingredient" in this context is explained in *State v. Howard*, supra.

> "* * * The exception [in ORS 132.610] relates to those crimes in which time is a significant factor * * * if a statute should make it a crime to sell liquor on Sunday, time is a material ingredient * * *." 214 Or at 615.

See also *State v. Jackson*, 221 Or 315, 325, 351 P2d 439 (1960); *State v. Goddard*, 69 Or 73, 78, 138 P 243 (1914); and *State v. Coss*, 53 Or 462, 101 P 193 (1909).

■ The trial court, after hearing defendant's objections to an amended cost bill filed by the prosecution, allowed costs in the amount of $265 for fees for defendant's court-appointed attorney, and $159.08 for witnesses' fees and their mileage and meals. These sums were set pursuant to statutes specifying amounts or standards therefor. ORS 44.410, 44.430, 139.140.

The court made payment of these costs a condition of the five-year probation, which was the only sentence.

ORS 137.200 provides that the costs in a criminal proceeding are to be paid by the county to the person "rendering the service," and that in the event of conviction such costs shall be taxed against the defendant.

ORS 137.205 provides that when the county pays for an attorney for a person such as defendant herein that expense is the responsibility of the person receiving the service. Such liability is not dependent upon the person's success in defending the proceeding, but is based upon responsibility to pay for services rendered. Such material obligations often are not paid, but they are legal obligations.

Defendant rests his challenge, with a minor exception, upon the holding in *Giaccio v. Pennsylvania*, 382 US 399, 86 S Ct 518, 15 L Ed 2d 447 (1966). An 1860 Pennsylvania statute provided that where a jury finds a defendant not guilty in a non-felony case, the jury may nevertheless assess costs against him. This was done by a jury in *Giaccio's* case and he appealed

on constitutional grounds. The court held the statute unconstitutionally vague. (Fourteenth Amendment to the United States Constitution.) The court held that no standard existed in the statute for the jury, and one was not supplied by the court's instruction that if the jury found the defendant guilty of "some misconduct" less than the offense charged it could require him to pay a cost penalty "short of conviction," because his "misconduct" gave rise to the prosecution. The statute was struck down, it seems, because it allowed the jury to determine without any standard whether "some misconduct" deserves a criminal penalty, which, although denominated costs, was in reality a fine determined by the jury.

■ The *Giaccio* decision is not applicable to the case at bar. The court here, not the jury, determined the costs and attorney fees pursuant to statutory standards therefor. The costs and attorney fees were set in the amount of actual expenditures of the county incurred in prosecution of the case, and services provided at county expense for the defendant; they were not a penalty for nebulous misconduct.

Defendant objects to a $12.68 item for witness D. Penfold who was not called. The respondent's brief does not oppose his objection in this regard. The cost bill should be reduced accordingly.

Judgment affirmed as modified.