Argued December 15, 1975, affirmed January 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM LEROY CUDDIE, *Appellant.*
(No. 74 1064, CA 4685)
544 P2d 594

*Paul J. DeMuniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after jury trial of criminal nonsupport of his child. ORS 163.555. His sole contention on appeal is that the trial court erred in denying his request for a continuance.

The indictment, which was returned on March 1, 1974, charged that the crime was committed on or about February 26, 1974, and that the nonsupport had occurred over the preceding 60-day period.

The state's evidence of defendant's failure to support generally covered the entire period from the divorce of the parties in 1968 through the period named in the indictment. The defendant's ex-wife testified that she had received only one money payment from defendant during a period of some five years.

At the conclusion of the state's case the district attorney elected October and November 1973 as the 60-day period of nonsupport. Defense counsel then requested a continuance, indicating that he had not prepared a defense for that time period. The trial court denied the request. Defendant thereafter took the stand and testified in general terms as to his employment or lack thereof during the same period already covered by the state's case-in-chief, including his income, or lack thereof, and expenses during the October-November 1973 period. On cross-examination he admitted that there had been "a lot of times [in October and November 1973] I could have sent three or four-five-ten dollars." Another witness for the defendant also testified as to the period in question. The theory of the defense was that defendant was at all times financially unable to pay the full amount fixed by the court order; that he did not know he could send in lesser amounts, and therefore did not send anything.

■ It is axiomatic that allowance of a continuance is a matter of discretion with the trial court, and that the denial of a continuance will not be disturbed in the

absence of a showing of abuse of discretion. After reviewing the entire record, we find no abuse here. Granted that there can be circumstances in cases of this type where a continuance would be justified, here there was no showing made at the time of the request, or at any time thereafter, as to what additional evidence defendant would have been able to produce if a continuance were granted, or as to how his defense was prejudiced by the denial of his request.

■ As we held in *State v. Combs,* 3 Or App 260, 473 P2d 672 (1970), where a defendant is charged with nonsupport and the state elects to change the dates from those shown in the indictment, in order for such change to constitute a fatal variance defendant must show that he was prejudiced in making his defense by such change.

■■ A motion for a continuance to be seriously considered by the trial court should be supported by some specific showing of good cause. *State v. Young,* 1 Or App 562, 569, 463 P2d 374, Sup Ct *review denied* (1970). We do not think that the bare statement by defendant, or his counsel, that defendant desired a continuance to produce certain unspecified evidence is sufficient.

■ As previously mentioned, defendant's own testimony on cross-examination was that there were "a lot of times" during the period involved that he could have sent money but did not. After studying the whole record we conclude that even if a continuance had been granted, defendant would not have been able to produce any evidence substantially different in effect from that to which he testified during trial. Moreover we are satisfied that such additional evidence would not have served any purpose in the light of defendant's admissions referred to above.

Affirmed.