- Argued May 19; reversed and remanded June 2, 1948

## STATE v. BAUER

### 193 P. (2d) 999

*Tyrone Gillespie,* of Salem, argued the cause for appellant. With him on the brief was Frank J. Healy, of Salem.

*Lawrence B. Osterman,* Deputy District Attorney, of Salem, argued the cause for respondent. With him on the brief was M. B. Hayden, District Attorney, of Salem.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY and BAILEY, Justices.

KELLY, J.

On June 23, 1947, the defendant herein was indicted by the grand jury of Marion County. In the indictment, he was charged with the crime of committing

an act of sexual perversity with one Howard Tebbets, a boy of the age of fifteen years. From a judgment of conviction and a sentence thereupon, defendant appeals.

No good purpose can be served by recounting the sordid and revolting testimony herein. Suffice it to say that numerous acts of sexual perversity by defendant with young Tebbets were shown to have been committed. The state elected to stand upon the proof of an act accomplished upon the date set forth in the indictment, namely, June 13, 1947.

Seasonably, defendant, by his counsel, requested the trial court inter alia to instruct the jury as follows:

"You are instructed that the defendant, Adam Thomas Bauer is indicted for an act of· sexual perversity alleged to have been committed on one Howard Tebbets, on the 13th day of June, A. D. 1947, and that the State of Oregon has elected to stand upon the act charged upon that date. All matters which may have been introduced by the State of Oregon as to other acts of perversity between Tebbets and the defendant are to be taken by you solely as evidence to determine the truth or falsity of the act alleged to have been committed on June 13, 1947, and unless you find that an act of sexual perversity did occur on the 13th ·of June, 1947, then you must not find the defendant guilty of the act charged in the indictment. You must not find the defendant guilty of an act you may believe to have occurred on some different date than June 13, 1947."

The trial court did not give the requested instruction above quoted; or any instruction of similar import. On the contrary, the following instruction was given:

"Now ladies and gentlemen, in order for you to return a verdict of guilty against the defendant upon the charge laid in the indictment, it is neces-

sary that the State of Oregon prove and establish beyond a reasonable doubt, which term I shall later define to you, every element of the offense charged in the indictment, three in number:

1. That the offense charged, if committed, was committed in Marion County, Oregon;

2. That if it occurred, it occurred within the 3-year period next prior and preceding the 13th day of June, 1947, the particular date not being material provided it was within the 3-year period."

&ast; &ast; &ast;

The state having elected to stand upon its purported proof of the commission of the crime charged upon the 13th day of June, 1947, the jury was without authority to convict defendant of a crime committed on any other day. *State v. Ewing*, 174 Or. 487, 149 P. (2d) 765. Testimony tending to prove the commission of similar crimes at other times may be received only in corroboration of the charge that defendant committed the crime charged upon the date upon which the state based its election in that respect.

For this reason, the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent herewith.