Argued October 1, affirmed November 19, 1958

# STATE OF OREGON *v.* HOWARD
331 P. 2d 1116

*William Huey* and *Clarence Barrett, Jr.*, of Eugene, argued the cause and filed a brief for appellant.

*George J. Woodrich* and *Kenneth A. Morrow,* Deputy District Attorneys for Lane County, argued the cause for respondent. With them on the brief was Eugene C. Venn, District Attorney for Lane County.

Before PERRY, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

O'CONNELL, J.

On December 6, 1957 an indictment was returned by the grand jury of Lane County against the defendant, charging him with the crime of sodomy in violation of ORS 167.040. The indictment charged that on September 27, 1957 the defendant sustained osculatory relations with the private parts of Robert Allen Jewell. The defendant pleaded "not guilty." When the cause came on for trial the defendant moved that the State be required to elect a specific day upon which the alleged offense occurred. The State elected to prove that the crime occurred on August 1, 1957. Jewell testified that the last time the offense had been committed was three or four weeks prior to September 7, 1957; that similar acts had occurred ten or twelve times during the preceding four years; that the act had occurred three times in 1957 and that these acts occurred from two to four months apart. He testified that during the investigation he had stated that the act charged in the indictment had occurred on September 27, 1957 but that this act did not amount to sodomy because there was no penetration. He then stated that the act charged in the indictment had occurred "around the first of August", and on further questioning stated "it was pretty close to the first, I would say about the first week. It was pretty close to the first of the month." Later in the trial counsel

objected to the testimony of James Lovewell, a deputy sheriff, on the ground that the State had not established a definite date for the commission of the act charged. The objection was sustained and the State's attorney was called upon by the trial court to make an election, in response to which he elected to stand on "a time at the first of August." Later, outside of the presence of the jury the State's attorney stated that he elected to prove that the act complained of occurred during the first week of August.

Lovewell testified that the defendant admitted orally that the last time he committed sodomy with Jewell was in "July or August, I don't remember." At the conclusion of the State's case the defendant moved for a directed verdict of acquittal on the ground that the plaintiff's election to stand on the first week in August 1957 as the date upon which the offense was committed was not a valid election for the reason that the election must be of a definite day; that the period elected was too far removed from the date of the indictment; and that there was no competent evidence that the crime charged in the indictment occurred during the first week in August 1957. The motion was denied. The cause was submitted to the jury which returned a verdict finding the defendant guilty of the crime charged in the indictment. The defendant then moved for a judgment notwithstanding the verdict, or in the alternative an order granting the defendant a new trial.

As grounds for this motion the defendant alleged that the date elected by the State did not conform to the date alleged in the indictment; that the variation between the date elected and the date in the indictment was excessive; and that as a result of the State's failure before trial to apprise the defendant of the date

elected the defendant was deprived of an opportunity to prepare his defense adequately. The motion was denied.

■■■ The defendant assigns as error the trial court's refusal to grant the motions requested. The defendant relies upon the rule that when time is an essential ingredient of a crime the precise time at which the crime was committed must be laid with exactness in the indictment and must be proved as laid. Clark, Criminal Procedure, 2d Ed, § 95. There is no doubt that this is a correct statement of the law. But this rule is applicable only if time is a material ingredient of the crime. ORS 132.610 makes this clear:

> "The precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime."

We hold that time is not a material ingredient of the crime of sodomy within the meaning of the statutory exception. The exception relates to those crimes in which time is a significant factor, i.e., where the act is a crime if committed at one time but not if committed at some other time. Thus if a statute should make it a crime to sell liquor on Sunday, time is a material ingredient, because a sale at any other time does not constitute a violation of the statute. See *State v. Goddard,* 69 Or 73, 133 P 90, 138 P 243 (1914). But sodomy is sodomy, irrespective of the precise time when the act is committed. In this respect it is similar to the crime of rape, and it has been held that time is not a significant part of the latter crime. *State v. Goddard,* supra.

■ Since time is not an essential ingredient of the crime of sodomy the State was not required to prove that the act of sodomy relied upon as a violation of ORS 167.040 was committed on September 27, 1957 as recited in the indictment; it is enough if the State elected to prove and did prove that an act of sodomy was committed by the defendant on or about August 1, 1957. Proof that the act was committed sometime during the first week in August was sufficient. The variance between the time recited in the indictment and the time elected by the State may be fatal if the defendant's rights are thereby prejudiced. This may occur if the election of a date other than that stated in the indictment prejudices the defendant's defense. But the defendant did not establish prejudice in this case. He contended that he did not have an opportunity to prepare his defense based upon the date elected by the State. This objection was raised for the first time in defendant's motion for a judgment notwithstanding the verdict. But he was apprised of the election during the course of the State's opening statement. He had the opportunity to request a continuance if there was need for additional time to prepare his defense. The defendant does not explain how his defense was prejudiced. His counsel were aware of the fact that the defendant had made a statement to two deputy sheriffs that an offense had occurred in July or August. This in itself would be adequate warning. *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944); *State v. Lee,* 202 Or 592, 276 P2d 946 (1954).

■ Time is important in another respect. The State must keep distinct the act charged from other similar acts committed by the defendant. In the present case the State introduced evidence of other acts of sodomy committed by the defendant in 1957 to prove the de-

fendant's inclination to commit the act which the State elected to rely upon in charging the defendant with the violation of the statute. It was incumbent upon the State to keep these corroborative acts separate from the act charged so that it would not be possible for some members of the jury to vote for conviction on the basis of evidence proving one act and other members of the jury to vote for conviction on the basis of another act, resulting in a verdict in which the requisite number of jurors did not concur. *State v. Bauer,* 183 Or 481, 483, 193 P2d 999, 1000 (1948). In the present case the State kept its proof of the act charged and the corroborative acts distinct, and the jury was carefully instructed that it must keep the various acts separate and that it could find the defendant guilty only if it found that he committed sodomy on or about August 1, 1957.

■ The defendant contends also that there was no evidence of the commission of a crime on August 1, 1957 except the testimony of the accomplice and that such testimony was not sufficiently definite to prove that the alleged crime was committed during the first week in August 1957. It is asserted that the only other evidence that could possibly be construed as corroborating evidence was the testimony of the deputy sheriffs concerning alleged admissions made by the defendant and that these alleged admissions do not corroborate the testimony of the accomplice. We have examined the transcript and we are satisfied that there was ample evidence to support the verdict. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949) ; *State v. Brazell,* 126 Or 579, 269 P 884 (1928) ; *State v. Ewing,* supra; *State v. Goddard,* supra. The defendant's admission can serve to corroborate the testimony of the accomplice. *State v. Rathie,* 101 Or 339, 199 P 169 (1921).

Defendant admitted that the last act of sodomy with the accomplice Jewell took place "July or August, I can't remember." This sufficiently identifies the admitted act with the act charged. The statement is an unequivocal admission that the defendant committed the act, the only uncertainty being the time when the act was committed during the two-month period mentioned. Compare *State v. Reynolds,* 160 Or 445, 86 P2d 413 (1939).

The judgment is affirmed.