Argued June 7, affirmed September 6, 1961

# STATE OF OREGON *v.* GIBBONS

364 P. 2d 611

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. On the brief were Ramirez & Danielson, Klamath Falls.

*Dale T. Crabtree,* District Attorney for Klamath County, Klamath Falls, argued the cause for respondent. With him on the brief were Robert M. Redding and Sam A. McKeen, Klamath Falls.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by the defendant Louis Gibbons

from a judgment of the circuit court which adjudged him guilty of the crime of assault while unarmed by means likely to produce great bodily harm. The conviction was for a lessor offense than that charged in the indictment, which was assault with a dangerous weapon (ORS 163.250).

The facts of this case will not be recited here, since they are stated in the companion case involving the co-defendant, Charles Junior Hood in *State v. Hood,* 225 Or 40, 356 P2d 1100.

The first assignment of error complains that the indictment for assault with a dangerous weapon did not apprise the defendant of the crime of assault while unarmed by means of force likely to produce great bodily harm. It is also claimed that it was prejudicial error to permit mention of the glass bottle in the indictment. The indictment charged the defendants Gibbons and Hood with:

"* * * then and there being, and then and there acting together, and then and there being armed with a dangerous weapon, to-wit: a stove poker, did then and there wilfully, unlawfully and feloniously assault one Cyril Bierle by then and there striking and beating the said Cyril Bierle on the head and face with said dangerous weapon and with a glass bottle."

It is recognized that Section 11 of Article I of the state constitution guarantees to every person accused of a crime the right to "demand the nature and cause of the accusation against him." This, of course, does not prevent the simplification of the indictment through the elimination of "unnecessary verbiage." *State v. Smith,* 182 Or 497, 188 P2d 998; *State v. Dormitzer,* 123 Or 165, 261 P 426. It is "unnecessary verbiage" to include in indictments the lesser included

offenses derived from the offense charged. It is a well established rule that an indictment of one offense includes, by necessary implication, charges of lesser included offenses. *State v. Wilson*, 172 Or 373, 142 P2d 680; *State v. Roy*, 40 NM 397, 60 P2d 646; 27 Am Jur, Indictment, §§ 105, 193. Since the indictment charged assault with a dangerous weapon, it follows that the lesser degrees of assault are included therein. The defendant, therefore, had no justification for not being prepared to meet an accusation of unarmed assault.

■ As for the allegation of the use of the glass bottle made in the indictment, if the state wished to prove such other act which tends to establish the commission of the crime charged in the indictment "it should allege it in the indictment": *State v. Willson*, 113 Or 450, 455, 230 P 810, 811, 233 P 259, 260. We dismiss this assignment of error as without merit.

■ The second assignment of error objects to the admission into evidence of photographs of Bierle, the complaining witness. The photographs were taken the morning after the alleged assault and after Bierle had been treated by a physician. The defendant argues that the photographs represented Bierle in a changed condition, since the physician had stitched the lacerations and put bandages over the wounds. It is further argued that the photographs were immaterial, not properly verified and were calculated to arouse the sympathy or prejudices of the jury.

■ Considering the change effected by the physician's treatment of the wounds between the time of the alleged assault and the next morning when the pictures were taken, it can not be argued that the lacerations were not in a better condition than before. The defendant was benefited, not prejudiced, by the change in

condition which he mentions. The admission of photographs taken not immediately after the event is usually a matter within the trial court's discretion. Wigmore on Evidence, Vol II, § 437 and Vol III, § 792. Since we believe that the photographs were material to the state's burden to establish the commission of the crime charged in the indictment, *State v. Hood,* supra, the trial judge's discretion was not abused.

As to the claim of improper verification of the photographs, the complaining witness testified that he looked at himself in a mirror shortly after the photographs were taken and that the latter accurately portrayed his condition. The authenticity of a photograph may be established by any witness who is competent from personal observation to testify that the photograph is a true representation of the subject. *State v. Casey,* 108 Or 405, 213 P 771, 217 P 632; 20 Am Jur, Evidence, § 730, page 610. The sufficiency of the verification is a preliminary question for the trial court. The testimony of neither the photographer nor the physician is required if the trial judge is satisfied by other evidence, as he apparently was, that the photographs were substantially accurate representations of the complaining witness's person.

The defendant further complains that the pictures were prejudicial. As we stated in *State v. Hood,* supra, "the photographs did not depict gruesome scenes—and even if they had, they would be admissible. Wigmore on Evidence, 3rd ed, § 1157, and *State v. Henderson,* 182 Or 147, 184 P2d 392." We reject this assignment of error as lacking in merit.

The third assignment of error asserts that it was prejudicial error to prevent the defendant from showing, through a witness, that he was originally charged with disorderly conduct. The trial court failed

to perceive, and we likewise do, the relevancy of the original charge upon which the defendant was arrested. It had no bearing on the question of whether or not the crime charged in the indictment was committed. This testimony was properly excluded on the basis that it was irrelevant and immaterial to the issues of this case. We dismiss this assignment of error as lacking merit.

 The fourth assignment of error submits that the court committed prejudicial error in excluding testimony on cross examination of the complaining witness as to his present employment. If there was any error in excluding the complaining witness's answer to the question concerning his employment it was not prejudicial. Bierle, the complaining witness, was allowed to answer the question a few moments later:

"Q (By Mr. Ramirez) Now, Mr. Bierle, on November 11, 1959, were you employed?

"Mr. Beddoe: I would make the same objection, your Honor. I don't think it has a thing to do with the issues of this case.

"The Court: I think I am going to let him answer this one question.

"A I was employed, but I wasn't drawing any pay. I was working up there at the Quarter Circle A Bar ranch."

The governing rule is expressed as follows in 58 Am Jur, Witnesses, § 673, page 368:

"* * * However, the refusal to permit a question on cross-examination is not ground for reversal if not prejudicial, or if prejudice does not appear, as where the information sought to be elicited is covered by further testimony of the witness. * * *"

This assignment of error discloses no merit.

■ For the fifth assignment of error it is argued that the court erred in giving the following instruction:

"* * * it is not necessary to prove that the crime, if any, was committed on the exact date alleged in the indictment, but it is sufficient in that connection if the State of Oregon shall establish to your satisfaction, beyond a reasonable doubt, that such crime, if any, was committed at any time within three years immediately before the filing of this indictment, which was December 1, 1959."

The rule governing this issue is stated in *State v. Poole,* 161 Or 481, 500, 90 P2d 472, 480, and holds:

"* * * Inasmuch as there was no testimony tending to prove an alibi and as there was only one offense charged, and consequently the jury was confined in its deliberations to the happening of that one particular act, it follows that the exact date of the commission of the offense is immaterial, provided it comes within the statutory period of limitations."

The statutory period of limitations for a felony is three years as the court instructed. ORS 131.110. The instruction just quoted from the case at bar contains no error.

■ The sixth assignment of error complains that the court misled the jury by giving the following instruction:

"* * * assaulting another while armed with a dangerous weapon requires no specific intent to inflict death or great bodily harm. No other intent is necessary than that which is embraced in the act of being armed with a dangerous weapon, and making an assault upon another with such weapon."

The defendant was not convicted of the crime of which this instruction speaks, but of a lesser crime,

246

so the defendant was not injured thereby. In any event, we do not believe that this instruction, in the light of the others given pertaining to intent, was in error or misleading. This assignment of error reveals no merit.

■ The seventh assignment of error claims that the court erred in instructing the jury on the lesser included offenses of Assault and Battery While Unarmed by Means of Force Likely to Produce Great Bodily Harm and Assault and Battery Not Being Armed with a Dangerous Weapon. This instruction was objected to and found to be good in the companion case, *State v. Hood,* supra. The defendant, having been charged with an assault with a dangerous weapon, may certainly be found guilty of assault and battery while unarmed by means of force likely to produce great bodily harm, which is a lesser included offense. *State v. Branton,* 49 Or 86, 89, 87 P 535, 536, states:

"* * * Upon an accusation of the commission of a crime, consisting of different degrees, the accused may be found not guilty as charged and convicted of any degree inferior thereto. * * *"

This assignment of error is dismissed as without merit.

■ The eighth assignment of error claims the court erred in giving the following instruction:

"I instruct you that the intent to injure the one assailed may be inferred from the assault."

This identical instruction was considered in *State v. Hood,* supra, and found to be without error.

Assignments of error nine and ten are supported by no cited authority. Nevertheless, due to the nature of the case, we considered them. Both are without merit.

The eleventh and last assignment of error relates to what the defendant claims is an incomplete instruction which was given on the subject of voluntary intoxication and intent. This complaint was also considered in the case of *State v. Hood,* supra, and found to be baseless. The defendant at no time asserted or relied upon the defense of intoxication, so he could not have been prejudiced by an instruction negating intoxication as a defense, even assuming, for the moment, that the instruction was incomplete. No reversible error occurs if the substantial rights of the defendant are not prejudiced. *State v. Story,* 208 Or 441, 301 P2d 1043; ORS 138.230. We reject this assignment of error as without merit.

The judgment of the circuit court is affirmed.