Argued January 24, affirmed February 11, petition for
review denied April 9, 1974

STATE OF OREGON, *Respondent*, *v.* WILFORD
REX McKEE (No. 20420), *Appellant.*

518 P2d 1053

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

On May 1, 1973 defendant McKee shot, Mike Martin with a .22 caliber derringer. Martin was hit in the chest but survived. McKee was charged with attempted criminal homicide. ORS 163.115. The jury found him guilty of the included crime, first degree assault. ORS 163.185. On appeal his sole assignment of error challenges the giving of the following instruction to the jury:

"[THE COURT:] As regards the proof necessary to show that the defendant intended to commit homicide, you are instructed that the carrying or possession of a loaded firearm by any person while committing or attempting or threatening to commit any act of violence against the person of another, is presumptive evidence that carrying such weapon with the intent to use the same."

Defendant made a timely exception to the giving of this instruction. The instruction was based on a state's requested instruction which, in turn, was based on ORS 166.220 (2). As it was given, the last clause does not make much sense. The state's requested instruction had the word "of" in the place of "that." With such a substitution the clause does make sense. The instruction may have been so confusing to the jury as to have meant nothing, but it also could have understood it. We will consider the assignment of error as though the instruction were given as the state requested it. We would reach the same result in any event.

The evidence showed that several days prior to the shooting Patty Kerns, McKee's paramour of six

years and mother of his six-year-old son, left him to live with Martin. Patty was the daughter of McKee's legal wife. Witnesses testified that McKee had made numerous threats to kill Martin. Martin was aware of these threats.

At the time of the shooting McKee went to Martin's trailer home. There was evidence that McKee said he was going to kill Martin as he proceeded to shoot Martin with a .22 derringer. Generally, McKee's version of the occurrence was that Martin reached for a .22 rifle, and McKee shot with the derringer in self-defense. The bullet entered Martin's chest (where it remains; apparently it did not do serious damage). McKee, Martin and Patty then engaged in an extensive struggle with inconclusive results, except for this prosecution.

The issue is whether giving of the challenged instruction was erroneous and if so whether defendant was prejudiced thereby so as to merit reversal of his conviction.

It was given as one of several disputable presumptions explained to the jury. The jury was instructed to find the presumed fact "true" unless the presumption was equalled or overcome by other evidence. In the context of *State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973), we held the giving of such an instruction was reversible error.

At bar, there was little, if any, need for an instruction concerning permissible inferences of intent. Defendant testified he did not intend to kill Martin. Martin testified that McKee told him he was going to kill him immediately prior to the shooting. Thus, there was direct evidence as to McKee's intent. The jury evidently found that McKee's intent to kill was not

proven beyond a reasonable doubt because it acquitted him of attempted homicide. It also rejected McKee's claim of self-defense because it did find him guilty of assault. There was a basis for the latter in the evidence, for McKee, in part of his testimony, said, "* * * I was in hopes of knocking his shoulder which would disable any intentions of shooting me * * *."

The instruction complained of refers only to the intent involved in criminal homicide. Therefore, the instruction could have had no effect on the determination at which the jury arrived.

> "The defendant was not convicted of the crime of which this instruction speaks, but of a lesser crime, so the defendant was not injured thereby * * *." *State v. Gibbons,* 228 Or 238, 245-46, 364 P2d 611 (1961).

Affirmed.