Argued and submitted January 7, decision of Court of Appeals reversed; judgment of circuit court affirmed February 11, 1993

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# DONALD RONNALL WOODSON,
*Respondent on Review.*

(CC C89-05-32774; CA A64036 (Control), A62889;
SC S39583)

845 P2d 203

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction of attempted rape in the first degree.[1] He contends that the trial court erred by amending the indictment. The issue is whether the amendment altered the substance of the indictment. The Court of Appeals concluded that the amendment altered the substance of the indictment and reversed. *State v. Woodson*, 113 Or App 688, 833 P2d 1339 (1992). For the reasons stated below, we reverse the Court of Appeals' decision and affirm the trial court's judgment.

■ The first formal charge against defendant was a District Attorney's information dated May 30, 1989, charging him with attempted rape in the first degree. On June 6, 1989, defendant was indicted.[2] Although count 1 in the indictment was captioned "Attempted Rape in the First Degree," the body of the indictment read as follows:

> "The said defendant, on or about May 7, 1989, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, by forcible compulsion, engage in sexual intercourse with [victim], a female, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Before trial, the prosecutor told the court that the grand jury had intended to charge defendant with attempted rape in the first degree but that, due to a "scrivener's error," the body of the indictment charged the completed crime of

---

[1] ORS 163.375(1) provides:

"A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"(a) The victim is subjected to forcible compulsion by the person;

"(b) The victim is under 12 years of age;

"(c) The victim is under 16 years of age and is the person's sibling, of the whole or half blood, the person's child or the person's spouse's child; or

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness."

ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

[2] Defendant also was charged with assault in the fourth degree. Defendant did not challenge his conviction for assault on appeal, and it was affirmed. We do not consider that conviction on review.

rape.[3] The prosecutor asked the court to amend the text of the indictment to charge the lesser crime. Defendant objected, arguing that the amendment altered the substance of the indictment and that the state therefore was required to obtain a new indictment. He relied primarily on Article VII (Amended), section 5(6), of the Oregon Constitution.[4] The court overruled defendant's objection and amended the indictment by interlineation by adding the words "attempt to" before the words "engage in sexual intercourse with [victim]." The case was tried to a jury, which found defendant guilty of attempted rape in the first degree.

On appeal, defendant contended that the trial court erred in amending the indictment. The Court of Appeals agreed, and reversed and remanded for a new trial. We allowed the state's petition for review.

The state contends that the Court of Appeals erred in holding that the amendment altered the substance of the indictment, arguing that the amendment merely cured a "scrivener's error" and, therefore, that it was permitted by Article VII (Amended), section 5(6). *See State v. Moyer*, 76 Or 396, 399-401, 149 P 84 (1915) (explaining distinction between substance and form).[5]

---

[3] The prosecutor told the court:

"I will represent to the court that, first of all, this case was always investigated as an Attempted Rape. He was — the initial police report said Attempted Rape, every subsequent one described it as Attempted Rape. The victim described it as an attempt. The Information from the District Attorney described it as an attempt. And the vote slip from the Grand Jury, which I just checked a few minutes ago, said 'attempt' also. I presented it to the Grand Jury as an attempt. It was a scrivener's error that deleted the word 'attempt.'

"What happens is the form book we use to present the various criminal counts, there are no Attempt sections. So you have to add that language. Apparently, the secretary preparing the Indictment did not insert the 'attempt to engage' in the appropriate place. But it's clear from the hearing of that charge that it was indicted as an Attempted Rape I."

[4] Article VII (Amended), section 5, of the Oregon Constitution, provides in part:

"(3) Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony *only on indictment by a grand jury*.

"* * * * *

"(6) * * * The district attorney may file an amended indictment * * * whenever, by ruling of the court, an indictment * * * is held to be defective *in form*." (Emphasis added.)

[5] Although *State v. Moyer, supra*, was decided before the adoption of Article VII

In *State v. Wimber*, 315 Or 103, 114, 843 P2d 424 (1992), this court set forth an analysis for determining whether an amendment to an indictment is a permissible alteration as to form. We will inquire:

"(1) Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime?"[6]

In this case, the answer to that question is "no."

"(2) Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy?"

Again, in this case the answer is "no."

"(3) Was the amendment itself sufficiently definite and certain?"

In this case, the answer is "yes."

The fourth question in the *Wimber* analysis — "Did the remaining allegations in the indictment state the essential elements of the offenses?" — relates to deleting allegations. *Id.* In this case, no words were deleted physically, but the allegation of a completed act of intercourse was deleted in effect by virtue of the addition of the words "attempt to." As to *Wimber's* fourth question, the remaining allegations in the indictment, after the amendment, stated all of the essential elements of the crime of attempted rape in the first degree.

The trial court's amendment in this case also satisfied the concerns expressed by the dissent in *State v. Wimber, supra,* 315 Or at 116 (Unis, J., dissenting). The amendment protected the right of the grand jury, not the prosecutor, "to determine whether a particular charge should be brought" and "to insure that the charge presented against a defendant was based on facts found by the grand jury." *Id.* at 118.[7]

---

(Amended), section 5, the applicable phrases in the constitution both before and after the adoption were nearly identical.

[6] Defendant argues in a conclusory manner that the defenses to the two crimes are different. He provides no specific examples of how they are different.

[7] Significant ethical concerns would be presented if a prosecutor were aware that no facts were presented to the grand jury that would support a completed rape,

Neither is this a case of " 'A prosecution for an offense other than that the grand jury had in mind,' " a possibility about which the dissent in *Wimber* also expressed concern. *Id.* at 123, quoting LaFave and Israel, 2 Criminal Procedure 451, § 19.2. Rather, the amendment here was for the express purpose of prosecuting the exact crime that " 'the grand jury had in mind.' " *Id.* Because the amendment did not serve to amend the substantive decision of the grand jury in an impermissible fashion, it did not violate Article VII (Amended), section 5(6).[8]

■■  ORS 136.460 provides:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

Attempted rape is a lesser included offense of rape. Even if the indictment had not been amended, the jury could have found defendant guilty of attempted rape in the first degree. ORS 136.460; *see State v. Washington*, 273 Or 829, 835, 543 P2d 1058 (1975) (generally, ORS 136.460 gives the state the right to receive jury instructions as to the crime of attempting to commit the charged offense); *State v. Gibbons*, 228 Or 238, 241-42, 364 P2d 611 (1961) ("It is a well established rule that an indictment of one offense includes, by necessary implication, charges of lesser included offenses.").[9] Thus, the interlineation effected *no* change in the indictment; the indictment already charged defendant with, and he could have been convicted of, attempted rape.

---

and if a prosecutor were actually aware that the grand jury had voted to indict on an attempted rape charge, rather than the completed crime, but the prosecutor nonetheless proceeded with a prosecution for the completed offense. *See* DR 7-103 (prosecutor's duty not to institute charges without probable cause; duty to disclose evidence that mitigates the degree of offense).

[8] In *State v. Ferrell*, 315 Or 213, 843 P2d 939 (1992), in the context of demurrer to "scheme or network" allegations, this court held that a successful challenge to a greater crime does not preclude entry of conviction for a lesser included offense.

[9] In *State v. Gibbons, supra*, 228 Or at 241-42, this court stated that "It is 'unnecessary verbiage' to include in indictments the lesser included offenses derived from the offense charged." *See also* ORS 132.550 (content of an indictment).

Defendant has not argued that the allegations in the amended indictment fail to state any essential element of the crime of attempted rape in the first degree or that the double jeopardy function of the indictment (identifying the crime so as to provide protection against further prosecution based on the same crime) has not been served. Nor has he argued that the judicial review function of the indictment (informing the court of the facts charged so that it may determine whether the state's case is based on a legally valid interpretation of the offense) has not been served. Because the amendment merely specified a lesser included crime, we conclude that the Court of Appeals erred in determining that the amendment violated Article VII (Amended), section 5.[10]

■ Defendant also assigns as error the trial court's ruling denying his motion for a judgment of acquittal on the attempted rape count. Because the Court of Appeals reversed on the issue of the amendment to the indictment, it did not discuss that assignment. Viewing the evidence in the light most favorable to the state and accepting reasonable inferences and reasonable credibility choices that the jury could have made, *State v. Walters*, 311 Or 80, 85, 804 P2d 1164, *cert den* ____ US ____, 111 S Ct 2807, 115 L Ed 2d 979 (1991), we conclude that there was sufficient evidence from which a rational factfinder could find that the elements of the crime were proved beyond a reasonable doubt. *See State v. Walters, supra*, 311 Or at 85 (to constitute a "substantial step" toward the commission of a crime, the defendant's conduct must (1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose); *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974) ("Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find."). The trial court did not err in denying defendant's motion.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

---

[10] Because we hold that the amendment was permissible, we need not discuss the state's alternative argument, that any error was harmless.