Argued and submitted June 3, 1993, affirmed January 26, petition for review allowed
May 10, 1994 (319 Or 80)

STATE OF OREGON,
*Respondent,*

*v.*

RAY LONG, SR.,
*Appellant.*

(33681; CA A74762)

868 P2d 4

John J. Tyner III argued the cause for appellant. With him on the briefs was Tyner & Associates.

Youlee Yim You, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals his conviction for first degree sodomy. ORS 163.405. He contends that the trial court impermissibly altered the substance of the indictment by changing the time period in which the crime allegedly occurred. He also claims that the court erred in admitting hearsay evidence under OEC 803(18a), arguing that the court's application of the current version of that rule violated the federal and state prohibition against *ex post facto* laws. We affirm.

On July 19, 1984, defendant was charged by indictment with sodomizing his six-year-old stepdaughter. According to the indictment, the crime occurred "between June 1, 1982 and April 30, 1983." However, in August, 1987, the prosecution informed defendant's previous attorney by letter that, due to a scrivener's error, the dates in the indictment were incorrect and that the state intended at trial to prove that the crime took place in April, 1984. The trial court found, and defendant concedes, that defendant actually knew that the state would attempt to establish that the crime was committed in April, 1984.

The two-day trial began on March 5, 1992. All evidence offered by the state related to incidents that had occurred on April 22, 1984. After the state rested, defendant moved for a judgment of acquittal on the ground that the state failed to prove any wrongdoing within the time period alleged in the indictment. The court denied the motion, reasoning that time was not a material element of the crime of sodomy and that any act of sodomy committed within the three-year statute of limitations was properly before the jury. *See* ORS 131.125.[1] Accordingly, the court instructed the jury that it could convict defendant if it found beyond a reasonable doubt that he had committed sodomy between July 20, 1981, and July 19, 1984.[2]

---

[1] Prior to 1989, the statute of limitations for criminal offenses was three years. ORS 131.125 (1987). In 1989, the legislature amended ORS 131.125 to extend the limitation period for rape, sodomy, sexual abuse and other similar offenses in cases where "the victim, at the time of the crime, was under 18 years of age." Or Laws 1989, ch 831, § 1. In 1991, the legislature made the extension retroactive. Or Laws 1991, ch 388, § 2. Because this indictment was filed within the three-year limitation period, the applicability of the extended limitation period is not at issue.

[2] The complete instruction provided:

"Although the State of Oregon must prove beyond a reasonable doubt that the

On appeal, defendant asserts that that instruction constituted an unauthorized amendment to the substance of the indictment. In *State v. Wimber*, 315 Or 103, 113-15, 843 P2d 424 (1992), the Supreme Court reaffirmed that, although substantive amendments to an indictment ordinarily must be approved by a grand jury, amendments as to form need not be. *See also State v. Woodson*, 315 Or 314, 318, 845 P2d 203 (1993); *State v. Moyer*, 76 Or 396, 399, 149 P 84 (1915). The critical issue, then, is whether the jury instruction constituted a permissible revision as to a defect in form or an impermissible alteration as to substance.

■ ■     The Supreme Court in *Wimber* formulated a four-step inquiry for determining whether an amendment to an indictment effects a change in form or substance. We examine each step in turn.

"(1)   Did the amendment alter the essential nature of the indictment against the defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime?" 315 Or at 114.

Here, the answer is "no." Time is not an essential element of the crime of sodomy.[3] *State v. Wimber, supra*, 315 Or at 110; *State v. Howard*, 214 Or 611, 615, 331 P2d 1116 (1958). No new or different theory, element, or crime was added to the indictment. Nor does defendant contend that the variance in dates adversely affected his defense, which was that he never had any sexual contact with his stepdaughter.

"(2)   Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy?" 315 Or at 115.

---

crime occurred, the exact date or time period when the crime was committed is not a material element in this case. The purpose of the allegation of the date or time period in the charge is to give the Defendant notice of the particular offense with which he is charged. In this case[,] it is sufficient if the State of Oregon establishes that the crime, if any, occurred between the dates of July 20, 1981 and July 19, 1984. What is necessary is that the State of Oregon establish beyond a reasonable doubt that a single particular incident which would constitute the crime of Sodomy in the First Degree occurred within that time period."

[3] The Supreme Court in *Wimber* noted that courts in other jurisdictions have held that, "where time is not an essential element of the offense, amendment of the *particular* date of the alleged commission of the offense is a matter of form, not substance." 315 Or at 114 n 20. (Emphasis in original.)

In this case, the answer is "no." Defendant does not claim mistake or surprise. As mentioned, the trial court found, and defendant acknowledges, that defendant had actual knowledge that the state intended to prove that the crime was committed in April, 1984. Defendant was adequately apprised of the charges against him.

"(3) Was the amendment itself sufficiently definite and certain?" 315 Or at 115.

The answer to that question is "yes."

"(4) Did the remaining allegations in the indictment state the essential elements of the offense?" 315 Or at 115.

Again, the answer is "yes." The allegations remaining in the indictment after the amendment stated all of the essential elements of the crime of first degree sodomy.

We conclude that the amendment to the indictment did not in any way alter the substantive decision of the grand jury, but was instead simply a permissible amendment as to a defect in form. We also note that the amendment did not frustrate the constitutional objectives served by requiring an indictment by grand jury. *See State v. Wimber, supra,* 315 Or at 115; *State v. Smith,* 182 Or 497, 500-01, 188 P2d 998 (1948). The trial court did not err in making the amendment.

We have considered defendant's *ex post facto* argument and conclude that it does not require discussion.

Affirmed.