Argued and submitted September 8, decision of the Court of Appeals and judgment of the circuit court affirmed November 25, 1994

STATE OF OREGON,
*Respondent on Review,*

*v.*

RAY LONG, Sr.,
*Petitioner on Review.*

(CC 33681; CA A74762; SC S41205)

885 P2d 696

John J. Tyner III, of Tyner & Associates, Hillsboro, argued the cause and filed the petition for petitioner on review.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

Defendant appeals his conviction of sodomy in the first degree, *former* ORS 163.405. He contends that the trial court erred by "allowing the state to amend at trial a material allegation of the indictment" and by "offering an instruction that amounted to an amendment to a material element of the indictment." The Court of Appeals held that the amendment to the indictment did not in any way alter the substantive decision of the grand jury, but was instead simply a permissible amendment as to a defect in form resulting from a scrivener's error, and affirmed. *State v. Long*, 126 Or App 126, 868 P2d 4 (1994). For the reasons that follow, we also affirm.

The material facts are not in dispute. On July 18, 1984, a grand jury indicted defendant for sodomy. The indictment alleged that the crime occurred "between June 1, 1982 and April 30, 1983." Thereafter, the district attorney sent defense counsel a letter that stated in part:

"When we talked Thursday, I also mentioned to you that the dates set forth in the Indictment are incorrect. They appear to result from a typographical error made at the time the Indictment was returned in 1984. As you know, the police reports clearly indicate that the offense occurred on April 22, 1984. This is the date we will be using at trial with regard to our proof. You indicated that you had noticed the typographical error. If this problem has caused you any inconvenience, I apologize. If you require any additional time to prepare or adjust your defense, we will have no opposition to that."

At the pre-trial omnibus hearing in January 1992,[1] the state presented evidence that the crime was committed on April 22, 1984. Defendant did not object to that evidence on the ground that it was outside the parameters of the dates alleged in the indictment.

At trial in March 1992, the state again presented evidence that the crime was committed on April 22, 1984.[2]

___

[1] The reason for the delay after indictment is not pertinent to our present inquiry.

[2] Again, defendant did not object to that evidence on the ground that it was outside the parameters of the dates alleged in the indictment. For example, on direct examination, the district attorney asked the victim: "Was there a specific incident that you can recall that happened on Easter Sunday [April 22] of 1984?" The victim

Defendant acknowledges that he knew before trial that the state intended to present evidence at trial that the crime was committed on April 22, 1984.[3] As far as the record shows, the district attorney never formally moved to amend the indictment. After the victim and her mother had testified on the first day of trial, the trial court excused the jury for the day. At that time, defendant moved for a judgment of acquittal, arguing that the state had failed to offer evidence that the crime had been committed between June 1, 1982, and April 30, 1983, as alleged in the indictment. As far as the record shows, that was the first time that defendant had raised the issue of the variance between the dates alleged in the indictment and the date relied on by the state at trial. The trial court denied defendant's motion, explaining that the motion was premature, because the state had not yet rested its case-in-chief.

After the state had rested its case-in-chief, defendant moved for a judgment of acquittal, again arguing that the state had failed to offer evidence that the crime had been committed within the dates alleged in the indictment. He relied on Article VII (Amended), section 5(3), of the Oregon Constitution.[4] The district attorney responded that: (1) time is not a material element of the crime of sodomy; (2) since at least 1987, defendant had access to the relevant police investigation reports describing the offense; (3) before trial, the

---

answered, "Yes there was." No objection was made by defendant to either the question or the answer. Later, a detective testified, again without objection, that the victim had reported to him that defendant had sexually abused her on Easter Sunday in 1984. The detective also testified that he had previously testified regarding his 1984 investigation before the grand jury that issued the indictment.

[3] Before trial, defendant had access through discovery to the reports of the police investigators, the victim's Children's Services Division file, and the district attorney's 1987 letter, all of which reported that the crime was committed on Easter Sunday, April 22, 1984.

[4] Article VII (Amended), section 5(3) provides:

"Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury."

Article VII (Amended), section 5(6), provides:

"An information shall be substantially in the form provided by law for an indictment. The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

district attorney had discussed with defense counsel the fact that, because of a typographical error, the dates in the indictment were incorrect and the state would seek to prove at trial that the crime had occurred on April 22, 1984, as "the police reports clearly indicate";[5] and (4) in testimony at the pretrial omnibus hearing and at trial, the victim and her mother had described defendant's conduct during the period November 1983 through April 1984.

The trial court denied defendant's motion, explaining in part:

"The only way that time can be a material element in a charge of statutory sodomy is if the child were to become * * * a different age during that time frame. Otherwise, all that is required is that the crime occurred during the statute of limitations period. The only exception to that as I read these cases and my interpretation of particularly, I think it's the [State v.] Howard[, 214 Or 611, 331 P2d 1116 (1958)] — the [State v.] Neal[, 73 Or App 816, 699 P2d 1171, rev den 299 Or 663 (1985)] case — is that the jury must agree on a particular incident that constituted the crime of sodomy. You can't have one [half] of them agree that it was an incident that occurred in June of '83 and the other half of the folks agree it was a crime that occurred in April of '84 and then they would have an agreement that there was sodomy committed during that time frame. They have to agree on a particular incident that constituted the sodomy."[6]

The trial court also specifically found that there had been no actual prejudice to defendant as a result of the variance.

In charging the jury, the trial court stated in part:

"Although the State of Oregon must prove beyond a reasonable doubt that the crime occurred, the exact date or

---

[5] The district attorney's 1987 letter to defense counsel was received in evidence for the purpose of considering defendant's motion for a judgment of acquittal. The letter did not go to the jury. Although defendant objected to its admission on relevancy and hearsay grounds, defendant did not assign the receipt of the letter into evidence as error on appeal.

[6] See State v. Howard, 214 Or 611, 331 P2d 1116 (1958) (the date of the alleged crime is not a material element of the crime of sodomy within the meaning of ORS 132.610 (current ORS 135.717)); see also State v. Milbradt, 305 Or 621, 632-33, 756 P2d 620 (1988) (unless time is a material element of the offense, an indictment need not allege the specific date on which an offense was committed).

ORS 131.125, the pertinent statute of limitations, has since been amended in a manner not relevant to our analysis in this case.

time period when the crime was committed is not a material element in this case. The purpose of the allegation of the date or time period in the charge is to give the Defendant notice of the particular offense with which he is charged. In this case it is sufficient if the State of Oregon establishes that the crime, if any, occurred between the dates of July 20, 1981 and July 19, 1984. What is necessary is that the State of Oregon establish beyond a reasonable doubt that a single particular incident which would constitute the crime of Sodomy in the First Degree occurred within that time period.

"Before you return a verdict of guilty then in this case, at least ten of you must agree upon at least one single incident which would constitute the crime of Sodomy in the First Degree, was committed by the Defendant involving [the victim], and which occurred during the period of July 20, 1981, and July 19, 1984."[7]

Defendant excepted to the court's quoted instructions, arguing:

"I would only state that essentially what you instructed the jury to do is go out and convict him of a case [sic] of which he is not charged. In effect you have amended the indictment and have taken to yourself that which the statute and the Constitution say you are not to do. So on that basis I would except."

Defendant was convicted, and he appealed.

On appeal, defendant contended that the trial court erred by "allowing the state to amend at trial a material allegation of the indictment" and by "offering an instruction that amounted to an amendment to a material element of the indictment." He argued that "the amendment effected by the instruction was unconstitutional under Article VII (Amended), section 5(3), because it was an amendment of the substance of the indictment and not an amendment as to form."[8]

---

[7] The trial court did not make a specific finding that the error in the indictment was one of form. No formal order amending the indictment was entered. Neither did the trial court amend the indictment by interlineation.

[8] In his opening brief in the Court of Appeals, defendant framed the issue to be "whether the trial court's actions constituted an impermissible change in the substance of the indictment." Defendant's assignment of error and arguments in support thereof assume that the trial court's jury instruction amended the indictment. He did not argue, either to the Court of Appeals or to this court, that the indictment never was amended. Neither has he argued that an indictment may not

The Court of Appeals disagreed, concluding that "the amendment to the indictment did not in any way alter the substantive decision of the grand jury, but was instead simply a permissible amendment as to a defect in form" resulting from a scrivener's error, which did not frustrate the constitutional objective served by requiring an indictment by grand jury. *State v. Long, supra*, 126 Or App at 129-30. The court relied on *State v. Wimber*, 315 Or 103, 843 P2d 424 (1992).[9]

On review, defendant contends that the Court of Appeals improperly applied *State v. Wimber, supra*, to the facts of this case. As noted, defendant mounts his argument in constitutional terms. The Court of Appeals responded in kind. We believe, however, that most of the answer to defendant's argument in this case lies outside the state and federal constitutions.

ORS 135.717 provides:

"The precise time at which [a criminal] offense was committed need not be stated in the accusatory instrument, but it may be alleged to have been committed at any time *before the finding thereof* and within the time in which an action may be commenced therefor, *except where the time is a material element in the offense*." (Emphasis added.)

be amended through the jury instruction process. His only argument was, and is, that the amendment here was of a *material* allegation, *i.e.*, an amendment of substance, not of form.

[9] In *State v. Wimber*, 315 Or 103, 113, 843 P2d 424 (1992), this court recognized that, under Article VII (Amended), section 5, of the Oregon Constitution, a trial court may amend a defect in form, but may not amend a defect in substance. Matters of form are matters that are not essential to the charge and are merely clerical matters, such as matters as to which the defendant cannot be misled to his or her prejudice by the amendment. *Id.* at 114. A matter that is essential to show that an offense has been committed is a matter of substance. *Ibid.*

In *Wimber*, this court established a four-part test for determining whether a defect in an indictment is one of form:

"(1) Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? * * *

"(2) Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy? * * *

"(3) Was the amendment itself sufficiently definite and certain? * * *

"(4) Did the remaining allegations in the indictment state the essential elements of the offense?" *Id.* at 114-15.

It has long been the law in this jurisdiction that the precise time when a criminal offense was committed is not a material element of the crime involved here, *viz.*, sodomy.

In *State v. Howard, supra*, the defendant was charged by indictment with having committed sodomy on September 27, 1957. In spite of the date alleged in the indictment, however, the state elected at trial to prove that the crime actually occurred on August 1, 1957. 214 Or at 612-13. At the conclusion of the state's case, the defendant moved for a directed verdict of acquittal on the ground, *inter alia*, that there had been an impermissible variance between the indictment and the proof as to the date of the crime. *Id.* at 614-15.

This court affirmed the conviction, holding that

> "time is not a material ingredient of the crime of sodomy within the meaning of the statutory exception. The exception relates to those crimes in which time is a significant factor, *i.e.*, where the act is a crime if committed at one time but not if committed at some other time. Thus if a statute should make it a crime to sell liquor on Sunday, time is a material ingredient, because a sale at any other time does not constitute a violation of the statute. But sodomy is sodomy, irrespective of the precise time when the act is committed. In this respect it is similar to the crime of rape, and it has been held that time is not a significant part of the latter crime." *Id.* at 615 (citation omitted).[10]

It followed, the court held, that the state was not required to prove that the offense was committed on the date alleged in the indictment. *Id.* at 615-16. Because the variance did not affect a material element of the charge, the only remaining question would concern whether, on the facts of the particular case, the defendant had suffered prejudice to his defense by the change between the date alleged and the date proved. *Id.* at 616. The court held that the defendant had suffered no prejudice and, therefore, affirmed the conviction. *See also*

---

[10] The *Howard* court relied on ORS 132.610, which was nearly identical to the present ORS 135.717. That statute provided:

> "The precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof and within the time in which an action may be commenced therefor, except where time is a material ingredient in the crime."

*State v. Milbradt*, 305 Or 621, 631-32, 756 P2d 620 (1988) (relying on ORS 135.717 and holding that time is not a material element of the crimes of rape or sex abuse); *State v. Neal, supra*, (dates charged in indictments were sufficiently close to acts proved at trial; no prejudice to defense asserted).

It follows from the foregoing that the linchpin of defendant's argument, that the date alleged in the indictment was a "material element" of the charge of sodomy against him, is missing. The date was not material. Indeed, as the state correctly argues here, the indictment would have been sufficient had it alleged only the elements of the offense, the age of the victim, and that defendant had committed the act within three years of the filing of the indictment — *i.e.*, within the period provided by the applicable statute of limitation. *See* ORS 135.717 (so providing). Beyond that, the state need not allege or prove the exact date of the offense.[11] Thus, defendant's motion for judgment of acquittal was without merit, and the trial court correctly denied it. *State v. Howard, supra*. Here, the date proved at trial was before the date the indictment was returned and was within the applicable statute of limitations.[12]

Moreover, defendant never has attempted to prove actual prejudice in the preparation or trial of his case. Indeed, the trial court specifically found (and the record in this case supports the finding) that defendant had actual notice that the state would offer evidence that the crime was committed on April 22, 1984, and that there had been no prejudice to defendant as a result of the variance between the dates alleged in the indictment and the state's evidence at trial.

---

[11] *See State v. Christy*, 131 Or 314, 317, 282 P 105 (1929) (indictment was sufficient if it could be understood therefrom that the crime was committed before the finding of the indictment and within the statute of limitations); *State v. Wilson*, 127 Or 294, 299, 271 P 742 (1928) (crime may be alleged to have been committed at any time before the finding of the indictment, and within the time in which an action may be commenced therefore, except where the time is a material ingredient in the crime).

[12] Before 1989, the statute of limitations for criminal offenses was three years. ORS 131.125 (1987). In 1989, the legislature amended ORS 131.125 to expand the limitation period for rape, sodomy, sexual abuse and other similar offenses in cases where "the victim, at the time of the crime, was under 18 years of age." Or Laws 1989, ch 831, § 1. In 1991, the legislature made the extension retroactive. Or Laws 1991, ch 388, § 2. Because the indictment in this case was filed within the three-year limitation period, the applicability of the extended limitation period is not at issue here.

■    The only remaining element of defendant's argument that is not answered by the foregoing discussion is the assertion that he was not, in fact, tried on the case as to which the grand jury handed down the indictment against him.[13] As to that claim, however, the prosecution properly assumed a duty to show, and the trial court received evidence, uncontradicted by defendant, that the date alleged in the indictment had been mistyped and that the actual date testified to by the witnesses before the grand jury was the same as the date proved at trial. *See* note 2, *supra*. The trial court was entitled to accept that evidence which, in the light of its ruling and its jury instruction, we presume that it did.[14] *See, e.g., State v. Bost*, 317 Or 538, 541, 857 P2d 132 (1993) (where there was evidence to support such findings, the trial court was presumed to have found facts in a manner consistent with its legal conclusion).

The "amendment" to the indictment was a permissible alteration of form, not a prohibited change in the substance of the instrument. As in *State v. Woodson*, 315 Or 314, 845 P2d 203 (1993), the trial court's amendment in the case also satisfied the concerns expressed by the dissent in *State v. Wimber, supra*, 315 Or at 116 (Unis, J., dissenting). The amendment protected the right of the grand jury, not the prosecutor, "to determine whether a particular charge should be brought" and "to insure that the charge presented against a defendant was based on facts found by the grand jury." *Id.* at 118. Neither is this a case of a "prosecution for an offense other than that the grand jury had in mind," a possibility about which the dissent in *Wimber* also expressed concern. *Id.* at 123, quoting LaFave and Israel, 2 Criminal Procedure 451, § 19.2. Rather, the amendment here was for

---

[13] Defendant has the constitutional right to be tried only for the specific criminal act as to which the grand jury handed down the indictment. *See* Or Const, Art VII (Amended), § 5(3), (except as otherwise provided, a person shall be charged with a felony only on indictment by a grand jury).

[14] In future cases, the better practice would be for the state to advise the court before trial that, due to a perceived error in form in the indictment, the state believes that it should be amended. The court could then hear the parties' arguments on the issue and thereafter make a finding, which is what the constitutional provision actually contemplates, as to what had occurred, in order to alleviate any doubt. *See State v. Woodson*, 315 Or 314, 316-17, 845 P2d 203 (1993). If the error is of substance, the state may seek permission to resubmit the matter to the grand jury. If the error is of form only, the court may amend the indictment by interlineation.

the express purpose of prosecuting the exact crime that "the grand jury had in mind." *Ibid.* Because the amendment did not serve to amend the substantive decision of the grand jury in an impermissible fashion, it did not violate Article VII (Amended), section 5(6), of the Oregon Constitution. *State v. Woodson, supra,* 315 Or at 318-19.

On the record, under *State v. Howard, supra,* the question whether the trial court "amended" the indictment is academic; the indictment was sufficient to charge the crime in question, and the state's proof fit material elements of the crime charged. In any case, the "amendment" did not change the substantive decision of the grand jury, but instead effected a permissible alteration in form, authorized under Article VII (Amended), section 5(6), of the Oregon Constitution, and the state was not required to resubmit the case to the grand jury. *See State v. Wimber, supra.* The amendment served to correct a scrivener's error in the dates set out in the indictment. Defendant's counsel and the district attorney discussed the error before trial. Defendant knew the correct date and was prepared to and did present evidence that he did not commit the offense at that time. Neither the error in the date nor the trial court's instruction prejudiced defendant. To the contrary, the record is more than adequate to show that defendant was not convicted of a crime other than the one for which the grand jury had indicted him. *See State v. Woodson, supra; State v. Wimber, supra.*

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.