## STATE OF OREGON,
### *Respondent,*

*v.*

## ROY ALLEN LOEWEN,
### *Appellant.*

(C94-03-31765; CA A85987)

917 P2d 532

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals his conviction and sentence for attempted sexual abuse in the first degree. We remand for resentencing and otherwise affirm.

The indictment charged that "on or between January 1, 1985 and December 31, 1993," defendant committed first degree sexual abuse by touching the breasts of a named girl who was under the age of 12. Before trial, defendant demurred to the indictment on the ground that it charged more than one offense, because the first degree sexual abuse statute had undergone significant changes between 1985 and 1993. In response, the state elected December 10, 1991, as the date on which the evidence would show defendant had committed the offense.

After a trial to the court, defendant was convicted of the lesser included offense of attempted sexual abuse in the first degree. He was sentenced to 25 months in prison and five years of post-prison supervision, less any time served.

On appeal, defendant makes numerous assignments of error, most of which are unpreserved or without merit. We write only to address his contentions that (1) the demurrer should have been granted because the indictment charges that he committed sexual abuse over a nine-year period during which the offense and its consequences materially changed and (2) the court erred when it applied ORS 144.103 (1993), which authorizes extended post-prison supervision for enumerated crimes, to an offense that was committed before that statute became effective.

Defendant contends that the indictment's allegation that he committed sexual abuse from 1985 through 1993 had the effect of charging him with "two different crimes under different statutes with different punishments, dependent on when the offense occurred." He argues that the prosecutor's election of the December 1991 date could not cure that defect because the election itself was an impermissible change in the *substance* of the indictment, Or Const, Art VII (Amended), § 5(6); *State v. Moyer*, 76 Or 396, 399, 149 P 84 (1915), to the extent that the election "permitted an unauthorized body to allege facts necessary to constitute the

offense seriousness category," deprived defendant of a defense and changed the nature of the evidence that was required to convict him.

Between 1985 and mid-1991, first degree sexual abuse was a class C felony and its elements, as relevant here, were sexual contact with a victim under the age of 12. *Former* ORS 163.425 (1989). Effective August 6, 1991, *former* ORS 163.425 was amended to allege only the elements of second degree sexual abuse and a new statute, ORS 163.427, was enacted to redefine first degree sexual abuse. Or Laws 1991, ch 830, §§ 2, 3. Under the new statute, the relevant elements of first degree sexual abuse are sexual contact with a victim under the age of *14*, and the crime has been upgraded to a class *B* felony. ORS 163.427.

■    In the present case, the specific date elected by the state corresponded to the child's 11th year and was within the statute of limitations. As a result of that election, defendant was called upon to respond to the charge that he had violated ORS 163.427, and any ambiguity as to his need to defend against *former* ORS 163.425 (1989) was thereby eliminated. In any event, we fail to discern any genuine basis for confusion, given that the indictment specifically noted that the violation involved ORS 163.427, which did not exist before August 6, 1991.

■■    Although *expanding* the dates beyond the range of those in the indictment may be disallowed, *compare State v. Sohn*, 107 Or App 147, 150, 810 P2d 1337 (1991) *with State v. Long*, 320 Or 361, 885 P2d 696 (1994), *cert den* ____ US____ , 115 S Ct 1803, 131 L Ed 2d 729 (1995), the state's decision to specify a date that was *within* the range of dates charged was a permissible change in the form, not the substance, of the indictment. *State v. Wimber*, 315 Or 103, 113-16, 843 P2d 424 (1992) (amendment that shortens indictment's time period so that the offenses alleged fall within the applicable statute of limitations is a change in the form of an indictment). Here, as in *Wimber*, the amendment narrowed the indictment. It clarified that defendant was facing a class B, not a class C, felony charge. That is not the equivalent of allowing defendant to be prosecuted for an offense that differed from the one that the grand jury intended. *See Long*, 320 Or at 370-71. The state's

election did not add a new or different theory, element or crime. It did not impair defendant's ability to discern the nature and character of the offense with which he was charged, nor did it alter the essential nature of the indictment. *State v. Woodson*, 315 Or 314, 318-19, 845 P2d 203 (1993). The amendment was definite and certain, and the allegations—even those contained in the indictment in its original form—stated all of the essential elements of the offense.[1] Defendant was not prejudiced by the prosecutor's election of a date. *State v. Howard*, 214 Or 611, 616, 331 P2d 1116 (1958).

We turn to the question of whether the trial court erred in applying the 1993 version of ORS 144.103 to first degree sexual abuse that was committed in 1991. The state concedes that only the *1991* version of that statute, which governs the term of post-prison supervision for persons convicted of certain sexual offenses, was applicable to defendant. On its face, *former* ORS 144.103 (1991) did not apply to first degree sexual abuse. However, the state argues that it was a mere codification error by legislative counsel that resulted in the failure of *former* ORS 144.103 (1991) to mention its applicability to first degree sexual abuse,[2] and that because the legislature's intentions as to its applicability to that crime are clearly revealed by the legislative history, we should disregard legislative counsel's omission and hold that the 1991 version of ORS 144.103 *does* apply to first degree sexual abuse. We rejected that precise argument in *State v. McFee*, 136 Or App 160, 901 P2d 870, *rev allowed* 322 Or 362 (1995). Accordingly, we exercise our discretion to review this unpreserved error as one apparent on the face of the record, for the

---

[1] The indictment was not required to state the precise dates on which the alleged offenses occurred, ORS 135.717; *State v. Wimber*, 315 Or at 110, because time is not a "material element" of sexual abuse. *State v. Milbradt*, 305 Or 621, 631-32, 756 P2d 620 (1988) (upholding an indictment alleging sexual abuse over a 21-month period). "Because the [amendment] did not affect a material element of the charge, the only remaining question would concern whether, on the facts of the particular case, the defendant had suffered prejudice to his defense by the change between the date alleged and the date proved." *Long*, 320 Or at 368.

[2] That "error" was corrected in 1993, when ORS 144.103 was amended to include first degree sexual abuse, ORS 163.427, among the list of offenses to which the statute is applicable. Or Laws 1993, ch 301, § 4.

reasons expressed in *State v. Bullock*, 135 Or App 303, 308, 899 P2d 709 (1995), and remand for resentencing.

Conviction affirmed; remanded for resentencing.