Submitted on record and briefs January 6, decision of Court of Appeals affirmed in part and reversed in part; case remanded to circuit court with instructions; otherwise affirmed February 19, 1993

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## MICHAEL A. TRUEAX,
*Respondent on Review.*

(CC 90-09-5071C; CA A68887; SC S39353)

845 P2d 1291

Thomas H. Denney, Assistant Attorney General, Salem, filed the petition for petitioner on review. With him on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Henry M. Silberblatt, Portland, filed the response for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this criminal case, defendant was convicted of sodomy in the second degree. We allowed the state's petition for review to consider whether the Court of Appeals erred in reversing defendant's conviction and in remanding for a new trial. *State v. Trueax*, 113 Or App 384, 830 P2d 213 (1992).[1] We remand the case to the trial court with instructions to enter a judgment of conviction for the crime of sodomy in the third degree and for resentencing on count I of the indictment.

Count I in the indictment was captioned "Sodomy in the Second Degree."[2] However, the body of the indictment read as followed:

"* * * The defendant, on or between September 20, 1986 to October 3, 1988, in Malheur County, Oregon, did then and there unlawfully, feloniously and knowingly engage in deviate sexual intercourse with [victim], a person under the age of sixteen years."

Thus, the body of the indictment charged defendant with Sodomy in the Third Degree.[3]

At trial, defendant did not object to that discrepancy in the indictment, to the state's evidence, or to the court's

---

[1] Defendant also was indicted for sexual abuse in the second degree. ORS 163.425. That conviction was affirmed on appeal, and it is not before this court on review.

[2] ORS 163.385(1) provides:

"A person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person *under 16 years of age* or causes that person to engage in deviate sexual intercourse." (Emphasis added.)

ORS 163.395(1) provides:

"A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the second degree if the victim is *under 14 years of age*." (Emphasis added.)

[3] This case is the converse of *State v. Woodson*, 315 Or 314, 845 P2d 203 (1993). In that case, the caption of the indictment charged the defendant with attempted rape in the first degree and the body of the indictment charged him with rape in the first degree. On the state's motion, the trial court amended the indictment by interlineation to charge attempted rape in the first degree. The defendant was convicted of attempted rape in the first degree. The Court of Appeals reversed and remanded for a new trial. On review, this court reversed the Court of Appeals' decision and affirmed the trial court's judgment.

instructions to the jury. He did not argue that there was insufficient evidence to convict him of sodomy in the second degree.

On appeal, defendant's only assignments of error were concerned with the trial court's evidentiary rulings. The Court of Appeals rejected those assignments. With commendable candor, the state brought the discrepancy in the indictment to the attention of the Court of Appeals, pointing out that, even though defendant had not raised the issue at trial or on appeal, the indictment could not support defendant's conviction for sodomy in the second degree, and that it was an error of law apparent on the face of the record. ORAP 5.45(2).[4] The state argued that the case should be remanded to the trial court with instructions to enter a judgment of conviction on count I of the indictment for the crime of sodomy in the third degree and for resentencing. Defendant argued that his conviction should be reversed and that the case should be remanded for a new trial. The Court of Appeals reversed defendant's conviction and remanded the case for a new trial, explaining only that: "A court does not have authority to enter a conviction for a crime not charged." *State v. Trueax, supra,* 113 Or App at 385.

On review, the state contends that the Court of Appeals erred in remanding for a new trial. The state argues that the case should be remanded to the trial court with instructions to enter a judgment of conviction on count I of the indictment for sodomy in the third degree and for resentencing. The state primarily relies on Article VII (Amended), section 3, of the Oregon Constitution, which provides in part:

"Until otherwise provided by law, upon appeal of any case to the supreme court, * * * If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that * * * in any respect, the judgment appealed from

---

[4] ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

*See State v. Brown,* 310 Or 347, 355-56, 800 P2d 259 (1990) (articulating standards that appellate courts apply under ORAP 5.45(2)); *see also State v. Jensen,* 313 Or 587, 598, 837 P2d 525 (1992) (same); *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 380-83, 823 P2d 956 (1991) (same).

should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered * * *."[5]

Although defendant asked the Court of Appeals to reverse his conviction and to remand for a new trial, in this court he has changed his position. He now agrees with the state that the trial court's judgment should be modified to sodomy in the third degree and that his case should be remanded for resentencing. In his response to the state's petition for review, defendant states:

"Defendant previously argued that he was entitled to a new trial, but now withdraws that argument and agrees with the state that his conviction should be modified to sodomy in the third degree, with a remand for resentencing."

We accept defendant's concession.

The Court of Appeals erred in remanding this case for a new trial on the theory that an appellate court "does not have authority to enter a conviction for a crime not charged." 113 Or App at 385. The indictment in this case properly charged defendant with committing sodomy upon a person under the age of 16, and the jury necessarily found him guilty of that offense when it found him guilty of sodomizing a person under the age of 14. *See State v. Tauscher*, 227 Or 1, 7-8, 360 P2d 764 (1961) (indictment with error in caption may be valid if the charging part of indictment clearly alleges facts constituting a crime). Accordingly, we remand this case to the trial court with instructions to enter a judgment of conviction on count I of the indictment for the crime of sodomy in the third degree and for resentencing. Or Const, Art VII (Amended), § 3.

---

[5] *See, e.g., State v. Graves*, 299 Or 189, 197, 700 P2d 244 (1985) (first-degree burglary conviction predicated on possession of burglar's tool modified to second-degree burglary when statutory definition of "burglar's tool" was held unconstitutionally vague); *State v. Branch*, 244 Or 97, 101, 415 P2d 766 (1966) (second-degree murder conviction predicated on felony-murder rule modified to manslaughter when felony-murder rule was held inapplicable to felonious assault); *State v. Braley*, 224 Or 1, 12-15, 355 P2d 467 (1960) (first-degree murder conviction modified to second degree murder when jury might have found defendant incapable of premeditation under proper instructions); *see also State v. Van Hooser*, 266 Or 19, 24, 511 P2d 359 (1973) (Article VII (Amended), section 3, states that if its conditions are met such judgment shall be affirmed, notwithstanding any error committed during the trial).

The decision of the Court of Appeals is affirmed in part and reversed in part. The case is remanded to the circuit court with instructions to enter a judgment of conviction for sodomy in the third degree and for resentencing on count 1 of the indictment; otherwise affirmed.