Argued and submitted July 31, 1992, affirmed October 6, 1993

# STATE OF OREGON,
## *Respondent,*

*v.*

# DONALD RAY EDWARDS,
## *Appellant.*

## (10-90-11080; CA A69734)

860 P2d 846

Louis R. Miles, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant was convicted of misdemeanor driving while suspended and giving false information to a police officer. ORS 811.182(4); ORS 807.620. He appeals only his conviction for driving while suspended. We affirm.

Defendant was charged with felony driving while suspended (DWS), ORS 811.182(3), and was tried without a jury. The indictment alleged that

"defendant on or about the 18th day of December, 1990, in the county aforesaid, did *unlawfully and feloniously drive a motor vehicle upon a public highway*, to wit: 82512 Greenwood, Creswell, Oregon or premises open to the public during a period when his license to drive a motor vehicle and his right to apply for a license to drive a motor vehicle in the State of Oregon had been suspended by the Motor Vehicles Division, or an Oregon Court; contrary to statute and against the peace and dignity of the State of Oregon[.]" (Emphasis supplied.)

As evidence of the fact that defendant's license had been suspended, the state introduced two documents relevant to this appeal. The first document, a letter from the Motor Vehicles Division (MVD) dated November 27, 1988, notified defendant that, as a result of his November 1, 1988, conviction for driving under the influence of intoxicants, his driving privileges would be suspended as of December 2, 1988. The second document was an implied consent form issued by MVD, which defendant received on July 20, 1990, after a subsequent arrest for driving under the influence of intoxicants. The form included a notice of intent to suspend defendant's driving privileges pursuant to ORS 813.410, effective on August 19, 1990.

At trial, defendant raised the affirmative defense of lack of notice. ORS 811.180. He presented evidence that he had moved his residence and that he had never received the 1988 letter from MVD notifying him that his license was being suspended as a result of his DUII conviction. At the close of the state's case, the court granted defendant's motion for judgment of acquittal on the felony charge on the basis of lack of notice. However, the trial court found defendant guilty of misdemeanor DWS, concluding that the misdemeanor was a lesser included offense of the felony charge.

Defendant argues that the trial court lacked authority to convict him, because misdemeanor DWS is not a lesser included offense of felony DWS and because the indictment did not otherwise charge him with misdemeanor DWS. Defendant did not make this argument below, but contends that the error is apparent on the face of the record, ORAP 5.45(2), and requires reversal of his conviction.

■■ When an indictment for one offense necessarily includes all the elements of another offense, then the latter is a lesser included offense and there is no need to indict separately for both offenses. ORS 136.465; *State v. Gibbons*, 228 Or 238, 241, 364 P2d 611 (1961). However, under the facts of this case, misdemeanor DWS is not a lesser included offense of felony DWS. As we explained in *State v. Conlon/Manning*, 108 Or App 141, 143, 813 P2d 1132 (1991):

> "ORS 811.175 makes *any* act of driving with a suspended or revoked license a class A traffic infraction. ORS 811.182(4) makes DWSR a class A misdemeanor, if the original suspension or revocation was for any of the enumerated reasons. ORS 811.182(3) makes the offense a class C felony, if the original suspension was for certain other *different* reasons." (Footnotes omitted; emphasis in original.)

The underlying reasons for a defendant's suspension or revocation determine whether felony or misdemeanor treatment is appropriate in a particular case. 108 Or App at 144.

The indictment here charged defendant with felony DWS. Defendant's 1988 suspension could have supported a felony charge because that suspension resulted from defendant's conviction for DUII, which is one of the enumerated grounds for suspension that support a felony DWS charge under ORS 811.182(3). However, the trial court granted defendant's motion for judgment of acquittal on the basis that he did not receive notice of that suspension. The evidence of the August, 1990, suspension would not support a felony DWS charge, because it is *not* one of the specified grounds for suspension that supports a felony conviction. The allegation in the indictment that defendant "unlawfully and feloniously" drove a motor vehicle while suspended does not necessarily include the elements of misdemeanor DWS, because

proof of that offense is based on different kinds of suspensions. ORS 811.182(4). Thus, misdemeanor DWS is not a lesser included offense.

The state argues, nonetheless, that the indictment could be read to charge misdemeanor DWS, because the indictment "did not specify any particular suspension order or orders on which it was based." However, the indictment charged defendant with "felonious" conduct. As explained above, that language would not support a misdemeanor DWS conviction.

■ We conclude that this error is apparent on the face of the record. The legal point is obvious: The indictment did not properly charge defendant with all the elements of the crime for which he was convicted. *See State v. Trueax*, 315 Or 396, 845 P2d 1291 (1993). We decline, however, to address defendant's unpreserved argument. This is not a case where defendant had no notice that the misdemeanor DWS was being tried. The state introduced into evidence the 1990 suspension notice issued to defendant after his arrest for DUII, which could have supported a conviction for misdemeanor DWS. ORS 813.410; ORS 811.182(4)(c)(A). The trial court announced that it would treat misdemeanor DWS as a lesser included offense of the one charged offense, and defendant did not object. Rather, defendant presented a defense to that charge by arguing that, because the notice of the felony suspension was defective the notice of the misdemeanor suspension was also defective.

At the completion of the case, the following colloquy took place:

"THE COURT: Thank you. [Defense counsel], I may be able to short-circuit your arguments. Let me tell you what I'm prepared to do. And that is to find the defendant not guilty of felony driving while suspended and find him guilty of misdemeanor driving while suspended.

"[DEFENSE COUNSEL]: Okay.

"THE COURT: I don't believe the State has overcome the affirmative defense of lack of notice [on the felony charge]. If you want to make your record on that or wish to make further argument, that's fine.

"It appears to me the State has proved misdemeanor driving while suspended. If you want to be heard on that, you can go right ahead."

Defendant was not surprised by the conviction and was given an opportunity to present a defense. We decline to review this unpreserved error.

Affirmed.