On appellant's and respondent's joint motion to reverse and remand filed March 3,
vacated in part; remanded with instructions in part May 29, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES ANTHONY TOUCHSTONE,
*Appellant.*

D0104323M; A117141

71 P3d 536

Tammy W. Sun, Deputy Public Defender, and Julie
Smith, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Deits, Chief Judge,
and Wollheim, Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant and the state have filed a joint motion for an order vacating the judgment convicting defendant of harassment, ORS 166.065(1)(a)(A), and directing the trial court to enter a judgment for attempted harassment and to resentence defendant accordingly. We grant the motion.[1]

Defendant appeals from his conviction of a single count of harassment. The accusatory instrument alleged:

"The defendant, on or about August 26, 2001, in Washington County, Oregon, did unlawfully and with the intent to harass and annoy [the victim], subject [the victim] to offensive physical contact."

After he was convicted of the charged offense, defendant filed a motion in arrest of judgment in which he argued that the facts alleged in the accusatory instrument "do not constitute an offense." ORS 135.630(4). Defendant argued that he could not be convicted of harassment because ORS 166.065(1)(a)(A), the version of the offense with which he was charged, requires that the victim actually be annoyed or harassed, and the charging instrument did not include that allegation. Although the state conceded that defendant was correct, the trial court refused to accept the concession, and it entered judgment on the harassment conviction. Defendant renews his argument on appeal.

■ The state charged defendant under ORS 166.065, which provides, in part:

"(1)  A person commits the crime of harassment if the person intentionally:

"(a)  Harasses or annoys another person by:

"(A)  Subjecting such other person to offensive physical contact[.]"

---

[1] ORS 138.227(1) provides:

"Upon joint motion of the parties to an appeal in a criminal action, the court may vacate the judgment or order from which the appeal was taken and remand the matter to the trial court to reconsider the judgment or order, or any order entered by the trial court. Upon remand, the trial court shall have jurisdiction to enter a revised judgment or order."

The statutory element that the victim be harassed or annoyed is an essential one, without which an accusatory instrument would not state the crime charged. *Cf. State v. Wimber*, 315 Or 103, 114-15, 843 P2d 424 (1992) (in determining whether an amendment to an accusatory instrument is one of substance or form, the question is whether, without the amendment, the remaining allegations of the instrument allege each of the essential elements of the charged offense).

■ The accusatory instrument in this case does not contain any language that, fairly read, could be construed to allege that the victim actually was harassed or annoyed. Accordingly, the instrument failed to allege the offense of harassment under ORS 166.065(1)(a)(A). It follows that the trial court erred in convicting defendant of harassment. However, by alleging each of the other elements of the completed offense, the instrument did adequately allege the offense of attempted harassment. *See* ORS 136.465.[2] Accordingly, as no question concerning sufficiency of the evidence is present, the proper remedy is to vacate defendant's conviction for harassment and to remand the case to the trial court with instructions to enter a judgment of conviction for the offense of attempted harassment and for resentencing. *See State v. Trueax*, 315 Or 396, 400, 845 P2d 1291 (1993) (where the indictment was captioned "Sodomy in the Second Degree" but tracked the language of the third-degree sodomy statute, the appropriate remedy was to remand to the trial court with instructions to enter a judgment convicting the defendant of third-degree sodomy and for resentencing).

Judgment of conviction for harassment vacated; remanded with instructions to enter judgment of conviction for attempted harassment and for resentencing.

---

[2] ORS 136.465 provides, "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."