STATE OF OREGON,
*Respondent,*

*v.*

JOSE OWEN MARTINEZ,
*Appellant.*

(84-134CR; CA A32616)

698 P2d 510

Helen I. Bloch, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for the crime of felony driving while suspended, ORS 487.560, contending that the trial court erred in granting the state's pretrial motion to amend the indictment. Because we conclude that the change made in the indictment was one of substance rather than of form, we reverse.

The indictment charged defendant with feloniously driving a motor vehicle during a period when his license had been revoked "by the Motor Vehicles Division." On the morning of trial, the prosecutor moved to amend the indictment by deleting the allegation "by the Motor Vehicles Division." The motion was granted, and the subject words were excised by a line drawn through them. A period was then inserted after the word "revoked." The end result was that the indictment was silent regarding the nature of the revocation. At trial, the state proved that defendant's license was revoked by introducing a revocation order of the circuit court declaring defendant a habitual traffic offender.

Defendant makes two assignments of error regarding the amendment: (1) The change in the indictment was one of substance and, under the Oregon Constitution, such an amendment of an accusatory instrument is prohibited without a fresh determination of probable cause by the grand jury; (2) because the indictment, as amended, did not include an allegation specifying whether the revocation was by a court or by the Motor Vehicles Division, it failed to state sufficient facts to constitute an offense.

We decide, and the state apparently concedes, that defendant's first assignment is well taken.[1]

Article VII (Amended), section 5(6), of the Oregon Constitution, provides, in relevant part:

"* * * The district attorney may file an amended indictment or information whenever, by ruling of the Court, an indictment or information is held to be defective in form."

---

[1] The reason we characterize the state's concession as merely "apparent" is that its brief, while acknowledging that the trial court erred under the circumstances here, points out that an allegation that one's license was revoked "by the Motor Vehicles Division" could be regarded as "only surplusage" under certain other circumstances. Thus, it argues, excision would be purely a matter of form. Whether or not that would be true in another case, it does not apply in this case.

Here, the indictment originally alleged that the state would prove that defendant's driver's license had been revoked by the Motor Vehicles Division. The record indicates that defendant was ready to defend that particular charge at trial. However, the deletion of the reference to the Motor Vehicles Division allowed the state to prove the alleged revocation simply by introducing an order of the circuit court. Under the circumstances, and in recognition of the obvious impact on the preparation of a defense, we hold that the amendment was a matter of substance rather than of form. The case should have been resubmitted to the grand jury on the state's new theory. The trial court's late hour ruling prejudiced defendant's right to know the charges pending against him. *See* ORS 131.035;[2] Art I, § 11, Oregon Constitution.[3]

In the light of our resolution of this issue, the question presented by the second assignment of error is moot.

Reversed.

---

[2] ORS 131.035 provides:

"No departure from the form or mode prescribed by law, error or mistake in any criminal pleading, action or proceeding renders it invalid, unless it has prejudiced the defendant in respect to a substantial right."

[3] Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation against him. * * *"