Argued and submitted February 21, 2001, reversed January 30, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL CLIFTON CRAWFORD,
*Appellant.*

### 98CR2358FE; A106834

39 P3d 917

Beth Corbo, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for felony driving while suspended. ORS 811.175; ORS 811.182. He argues that the trial court erred in permitting the state to prove that his license was suspended by order of the Douglas County District Court when the indictment alleged that the license was suspended by the Municipal Court of Roseburg. We reverse.

Defendant was stopped by a police officer on suspicion of driving under the influence of intoxicants. A background check revealed that defendant's driving privileges had been suspended and that he did not have a valid driver's license. The state charged him by indictment with driving under the influence of intoxicants and driving while suspended. Count one of the indictment charged that defendant:

> "[D]id unlawfully and feloniously drive a motor vehicle * * * during a period when the defendant's driving privileges were suspended by the Municipal Court, Roseburg[.]"

At trial, the state offered into evidence a printout of defendant's driving record prepared by the Department of Transportation. Defendant objected on the ground that the record did not show that his privileges were suspended by the municipal court at that time. In fact, his driving privileges previously had been suspended by the municipal court, but that suspension had ended two months before his arrest. At that point, the prosecutor acknowledged that the indictment was incorrect. But she also noted that defendant's driving records showed that he had been suspended by the Douglas County District Court at the time of the arrest. On that ground, she argued that the state should be permitted to introduce evidence of, and rely on, the Douglas County suspension. Over defendant's objection, the trial court allowed the evidence, reasoning that the particular location of the suspension order was mere surplusage.

At the end of the state's case, defendant moved for a judgment of acquittal, arguing that the state failed to prove the crime alleged in the indictment, namely, that he was driving while his privileges had been suspended by an order

of the Municipal Court of Roseburg. The trial court denied the motion, and defendant ultimately was convicted on the charge of driving while suspended.

■■     On appeal, defendant assigns error to the admission into evidence of the Douglas County suspension order and to the denial of his motion for a judgment of acquittal. He argues that, in both instances, the trial court permitted a material variance between the allegations of the indictment and the state's proof. The state contends that proof that a particular entity suspended defendant's license—the Douglas County District Court as opposed to the Municipal Court of Roseburg—is not required to establish the offense of driving while suspended. According to the state, the allegation is mere surplusage, as the only elements of the offense are that a defendant drove a vehicle on a highway while his or her license was suspended; permitting it to rely on proof that one or the other court suspended defendant's license, it therefore concludes, did not alter the nature of the charge against him.

In *State v. Newman*, 179 Or App 1, 39 P3d 874 (2002), the indictment charged the defendant with driving a vehicle when his driving privileges had been suspended by the Department of Motor Vehicles. At trial, however, the state produced evidence that a district court had suspended the defendant's driving privileges. The defendant moved for a judgment of acquittal, which the trial court denied. The defendant appealed, arguing that the state's reliance on that evidence amounted to an impermissible material variance from the allegations in the indictment. We agreed. Applying the analysis of *State v. Long*, 320 Or 361, 885 P2d 696 (1994), we examined whether the variance between the allegation and proof concerned a material element of the crime. We concluded that, although the specific entity that suspended the defendant's privileges may not be a material element of the crime, under ORS 811.175 (1997), the fact that the privileges were suspended "in this state" is. Without the erroneous allegation, the indictment failed to allege that the defendant had been suspended "in this state." Consequently, the variance was material, and the trial court erred in denying the motion for a judgment of acquittal.

*Newman* is materially indistinguishable from this case. We therefore conclude that, as in *Newman*, the trial court erred in denying defendant's motion for a judgment of acquittal.

Conviction for felony driving while suspended reversed.