Argued and submitted August 28, 2002, affirmed April 24, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# SANFORD LEROY DUVALL,
*Appellant.*

## 00-05-452C; A112072

67 P3d 424

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## LANDAU, P. J.

■     Defendant appeals a judgment of conviction for second-degree failure to appear. ORS 162.195. He argues that the state did not prove the allegations of the information by which he was charged. The information alleged that defendant was released from "custody," when in fact he had been released from a correctional facility. The state acknowledges that it proved facts different from what it alleged, but argues that the variance is not material or prejudicial. Defendant argues that, under the relevant case law, the variance is material. We agree with the state and affirm.

The relevant facts are uncontested. Defendant was arrested and held in jail in Payette County, Idaho, on an Oregon charge of menacing. Bail was posted in Malheur County, Oregon. Malheur County faxed documents to Payette County for defendant's pretrial release, including a release agreement that set a date for an appearance in Malheur County Circuit Court. Defendant signed the release agreement, but he failed to appear in Malheur County Circuit Court. An information was issued, charging him with second-degree failure to appear:

> "The said defendant * * * on or about November 3, 1998, in Malheur County, State of Oregon, having been charged with the crime of Menacing, a misdemeanor, and having by court order been released from Malheur County Correctional Facility upon a release agreement upon the condition that said defendant would subsequently appear personally in connection with said charge, did unlawfully and intentionally fail to appear as required * * *."

The phrase "Malheur County Correctional Facility" was later amended to "custody."

At trial, the state proved that defendant had been released from the Payette County Jail in Idaho. Defendant moved for a judgment of acquittal at the close of the state's case on the ground that the state had failed to prove the allegations of the information. The trial court denied the motion. On appeal, defendant reasserts his argument that the state failed to prove what was alleged, namely, that he had been released from custody. According to defendant, release from

"custody" is distinct from release from jail. The state does not take issue with that much of defendant's argument, but it insists that any variance from the allegations in the information was not material.

■     ORS 135.715 provides:

> "No accusatory instrument is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In *State v. Newman*, 179 Or App 1, 7, 39 P3d 874 (2002), we held that whether a variation in the proof from what is alleged in the accusatory instrument affects the outcome of the proceeding is determined by the application of a two-part test:

> "First, a court examines whether the variance between an allegation and proof concerns an allegation of a material element of the crime. Second, if the allegation does not concern a material element of the crime, the court determines whether 'on the facts of the particular case, the defendant had suffered prejudice to his defense by' the variance between the allegation and the proof."

(Citations and footnotes omitted.) *See also State v. Crawford*, 179 Or App 160, 163, 39 P3d 917 (2002) (applying same test).

■     We begin with whether an allegation that defendant's release was from custody, as opposed to a correctional facility, is a material element of the offense of second-degree failure to appear. A "material" element is one that the state must prove to establish the crime charged. *State v. Reynolds*, 183 Or App 245, 249, 51 P3d 684, *rev den*, 335 Or 90 (2002). Said another way, the determinative issue is whether the charging instrument states a crime without the disputed element. *Newman*, 179 Or App at 9.

ORS 162.195 provides that a person commits the offense of second-degree failure to appear if

"the person intentionally fails to appear as required after:

"(a)    Having by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a misdemeanor[.]"

For the purpose of ORS 162.195, "custody" is defined as "the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order, but does not include detention in a correctional facility." ORS 162.135(4). A "correctional facility," in turn, is "any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order." ORS 162.135(2).

It is not necessary to allege the place from which one has been released to state a crime under ORS 162.195. As we held in *State v. Eastman*, 112 Or App 256, 258, 828 P2d 484 (1992), "[t]he gravamen of the offense is the violation of a release or security agreement." Even assuming for the sake of argument that it is necessary to allege release from either custody or a correctional facility, an allegation that a defendant has violated a release agreement states a crime. A "release agreement" is statutorily defined to mean "a sworn writing by the defendant stating the terms of the release." ORS 135.230(9). A "release," in turn, is defined as "temporary or partial freedom of a defendant from lawful custody." ORS 135.230(8). Thus, an allegation that a defendant has violated a release agreement necessarily states that the defendant was released from "lawful custody" and that the defendant committed the crime of second-degree failure to appear, even if the allegation that the defendant had been "released from custody" were entirely omitted from the indictment.

■    We turn, then, to whether the variation from the information in this case prejudiced defendant. In this case, defendant advances no argument that the variation caused him any prejudice. There is no argument that he was uninformed or misled as to the basis for the charge against him. The evidence at trial pertained only to his release from the Payette County Jail. His defense was that no one told him the date that he was to appear in court, not that he had been released from a correctional facility, as opposed to "custody."

We conclude that defendant suffered no prejudice and that the trial court therefore did not err in denying his motion for a judgment of acquittal.

Affirmed.