Argued and submitted November 25, 2003, affirmed June 9, 2004

# STATE OF OREGON,
*Respondent,*

*v.*

# ALLEN McCOIN,
*Appellant.*

MI00-0460, MI00-0552; A113653 (Control), A113654
(Cases Consolidated)

91 P3d 760

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Steven R. Powers, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Celeste Mountain, Certified Law Student.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this consolidated appeal, defendant challenges the sufficiency of the evidence on two convictions for second-degree failure to appear. In both cases, he failed to appear at hearings related to his driving under the influence of intoxicants (DUII) diversion agreement. He argues that the diversion agreement effectively stayed the underlying charges and that, as a result, his failure to appear was not "in connection with a charge" against him as provided in the statute that defines the offense. ORS 162.195(1)(a). The state responds that the diversion agreement did not stay the DUII charges themselves and that, as a result, defendant's failure to appear in fact was "in connection with a charge." We agree with the state and affirm.

The relevant facts are not in contention. Defendant was charged with DUII. ORS 813.010. He entered into an agreement under the terms of which the criminal proceeding against him was stayed for one year pending completion of a diversion program. ORS 813.230(2) (2001).[1]

In connection with the diversion agreement, defendant was required to appear in court on August 11, 2000. On that date, however, defendant failed to appear. He was charged with one count of second-degree failure to appear in case number A113653.

A warrant was issued, and defendant was arrested. He was again conditionally released and required to appear in court on September 22, 2000. Defendant failed to attend that hearing as well. As pertinent here, in case number A113653, he was charged with an additional count of second-degree failure to appear in connection with the DUII charge.

Both cases were tried to the court. In both cases, defendant moved for a judgment of acquittal, contending that the state had failed to prove that he had failed to appear in connection with the DUII charge because the diversion agreement had suspended the charge. The trial court denied

---

[1] In 2003, the legislature amended the diversion statutes, Or Laws 2003, ch 816, §§ 1-5, effective January 1, 2004. Neither party contends that the amendments apply. All references to the statute are to the 2001 version.

the motion, and defendant was found guilty of the described counts of second-degree failure to appear. On appeal, defendant challenges those convictions. In both cases, he renews his argument that, because the diversion agreement suspended the underlying DUII charge, the state failed to prove a material element of the failure-to-appear charges.

■ ■    Because the appeal turns on the meaning of the applicable statutes, we review the trial court's ruling for errors of law, *State v. Rodarte*, 178 Or 173, 176, 35 P3d 1116 (2001), applying the interpretive method set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with that interpretive method, we attempt to ascertain the intended meaning of the statutes by reference to their text in context and, if necessary, the legislative history and other aids to construction. *Id.*

ORS 162.195(1)(a) defines the offense of second-degree failure to appear as intentionally failing to appear in court after

"[h]aving by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear personally *in connection with a charge* against the person of having committed a misdemeanor[.]"

(Emphasis added.) The issue in this case is whether the state has demonstrated that defendant failed to appear "in connection with a charge." Specifically, the issue is whether the existence of the diversion agreement had the effect of staying *the charge* of DUII against defendant.

ORS 813.230(2) provided:

"A driving while under the influence of intoxicants diversion agreement shall be for a period of one year after the date the court allows the petition. During the diversion period the court shall stay the driving while under the influence of intoxicants *offense proceeding* pending completion of the diversion agreement or its termination."

(Emphasis added.) As a condition of diversion, the court was authorized to "issue an order requiring defendant to appear and show cause why the court should not terminate the diversion agreement." ORS 813.255(1). If the defendant

failed to appear in response to the order to show cause, the court was required to "terminate the diversion agreement and continue the *offense proceeding*." ORS 813.255(3)(b) (emphasis added).

■ The foregoing statutes make this much clear: First, what must be shown to prove second-degree failure to appear is a failure to appear in connection with a "charge." Second, under the applicable statutes, what was stayed pursuant to a diversion agreement was a DUII "offense proceeding." Thus, the statutory construction issue reduces to the question whether a stay of the DUII "offense proceeding" occasioned by the diversion agreement means that the DUII "charge" itself has been stayed.

■ The term "charge" is not defined in the statutes. In such cases, we generally give statutory terms their "plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. As pertinent to this case, a "charge" ordinarily refers to "an accusation of a wrong or offense" and is commonly regarded as synonymous with "allegation" or "indictment." *Webster's Third New Int'l Dictionary* 377 (unabridged ed 1993). An "offense" is defined in ORS 161.505 as "conduct for which a sentence to a term of imprisonment or to a fine is provided[.]" An "offense" may be a "crime," that is, it may be either a felony or a misdemeanor. *Id.* In this case, therefore, it seems clear enough that the "charge" within the meaning of ORS 813.230(2) is the accusation or allegation that defendant committed the offense of DUII.

The term "offense proceeding" is not statutorily defined. The criminal statutes do define a similar term, "criminal proceeding," as "any proceeding which constitutes a part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action." ORS 131.005(7). "Proceedings" ordinarily, if somewhat tautologically, refer to "the course of procedure in a judicial action or in a suit in litigation." *Webster's* at 1807. With that in mind, it seems necessarily to follow that the term "offense proceeding" referred to something different from the offense itself. It was the proceeding by which it was determined whether one charged with the offense is guilty of it. To hold otherwise would be to deprive the term "proceeding" of any meaning.

*See* ORS 174. 010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to * * * omit what has been inserted * * *."). Thus, what was stayed under ORS 813.230(2) by a diversion agreement was not the charge relating to the offense itself but the *proceeding* by which it was determined whether a defendant was guilty of that charge. The charge remained pending; only the proceeding was stayed.

■ Defendant insists that, even if the charge itself was not stayed by the diversion agreement, the only permissible sanction for failing to appear in the context of a diversion was the reinstatement of the DUII proceeding, not a separate charge for failure to appear. The state argues that, although it is true that the statute required a court to terminate a diversion agreement for a failure to appear and permitted a prosecution on the underlying DUII charge to proceed, it does not necessarily follow that the failure to appear did not constitute a separately chargeable offense.

We agree with the state. In *State v. Eastman*, 112 Or App 256, 258, 828 P2d 484 (1992), we held that "[t]he gravamen of the offense [of second-degree failure to appear] is the violation of a release or security agreement." *See also State v. Duvall*, 187 Or App 316, 320, 67 P3d 424 (2003) ("an allegation that a defendant has violated a release agreement states a crime"). The fact that defendant's failure to appear may have had other consequences—because he had agreed to appear as a condition of diversion—does not mean that the conduct did not also constitute a chargeable offense.

Affirmed.