Submitted November 24, 2020, affirmed December 29, 2021, petition for review denied May 19, 2022 (369 Or 733)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FELIPE ARRIAGA-MENDOZA,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR09184; A171056

504 P3d 703

Defendant seeks reversal of his conviction for misdemeanor driving while suspended (DWS), ORS 811.182. Defendant asserts two assignments of error. First, that the trial court erred in denying his motion for judgment of acquittal because the specific date of driving is a material element of DWS, and the state alleged he drove while suspended on January 24, 2017, in the information, but proved at trial that he drove on a date one month earlier. Second, he argues that the trial court erred in admitting into evidence a prior unredacted judgment of conviction that was mostly irrelevant and prejudicial. *Held*: The second assignment of error was unpreserved as defendant did not raise issues of prior bad acts or prejudice to the trial court, so the Court of Appeals rejected that assignment. As to the first assignment, the specific date of the offense is not a material element in DWS because the statute defines the relevant point in time as a period of time during which the defendant's license is suspended or revoked. Both the date alleged in the information and the date at trial were during the relevant time period in which defendant's license was revoked.

Affirmed.

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In this criminal appeal, defendant seeks reversal of his conviction for misdemeanor driving while suspended (DWS), ORS 811.182. For the reasons that follow, we affirm.

We begin with defendant's second assignment, which we reject with this brief explanation. Defendant assigns error to the trial court's admission into evidence of a prior unredacted judgment of conviction. Specifically, defendant argues that the judgment contained only one relevant piece of information—the imposition of a license suspension— and that the remainder of the judgment was irrelevant and "unfairly portrayed him as a bad person." The state contends that that assignment is not preserved because defendant did not raise it in the trial court. According to the state, defendant objected to the judgment of conviction solely on relevance grounds, arguing that it was not proba- tive of whether he was driving while suspended as alleged in the information. We agree that defendant did not raise the issues of prior bad acts or prejudice in the trial court. The issues are unpreserved, and defendant does not request plain error review. We, thus, reject defendant's second assign- ment of error.

Turning next to defendant's first assignment, which he did preserve, defendant assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA). He argues that the specific date of driving is a material element of DWS and that, because the state alleged that defendant drove while suspended on one date but proved at trial that he drove on a date one month earlier than alleged, it constituted a "material variance" requiring acquittal. The state count- ers that the date of driving is not a material element of DWS because the DWS statute makes it a crime "to drive when driving privileges are suspended or revoked[.]"[1] According to the state, it is the "time period of the suspension" that is

---

[1] ORS 811.182 provides, as pertinent here:

"(1) A person commits the offense of criminal driving while suspended or revoked if the person violates ORS 811.175 and the suspension or revocation is one described in this section[.]

"* * * * *

relevant to whether defendant committed the crime of DWS rather than the "specific date during the period of suspension" when defendant drove.

We review the denial of an MJOA to determine "whether, after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Rennells*, 213 Or App 423, 425, 162 P3d 1006 (2007). Whether an element is material is a legal question. *See State v. Newman*, 179 Or App 1, 9-11, 39 P3d 874 (2002) (applying standard). Whether a variance between the state's pleading and proof is permissible is also a legal question. *State v. Samuel*, 289 Or App 618, 626-27, 410 P3d 275 (2017).

The state's charging instrument alleged that

"[d]efendant, *** on or about January 24, 2017, *** did unlawfully and criminally drive a motor vehicle upon a highway and premises open to the public, during a period when defendant's driving privileges *** were suspended and revoked in this state by a court and by the Department of Transportation[.]"

The case was tried to the court. The state offered evidence that defendant drove on December 22, 2016, while his license was suspended, rather than on January 24, 2017, as alleged in the information. Defendant moved for judgment of acquittal, arguing that the state had failed to meet its burden to prove that he drove while suspended on January 24, 2017. The court denied his motion and found him guilty of DWS.

---

"(4) The offense described in this section, criminal driving while suspended or revoked, is a Class A misdemeanor if the suspension or revocation is any of the following:

"*****

"(g) A suspension resulting from any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle, other than a crime described in subsection (3) of this section."

ORS 811.175 provides, as pertinent here:

"(1) A person commits the offense of violation driving while suspended or revoked if the person does any of the following:

"(a) Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the Department of Transportation."

A charging instrument need not include the precise time that a crime was committed unless "time is a material element of the offense." ORS 135.717.[2] When time is a material element of the charged crime, then ORS 135.717 requires the state to plead the time of commission which must, in turn, be proved at the time of trial, along with all other material elements. Whether the date of the offense is a material element of the offense generally depends on whether the act charged is a crime if committed on the date alleged but not a crime if committed on another date. *State v. Tidyman*, 54 Or App 640, 651, 635 P2d 1355 (1981), *rev den*, 292 Or 722 (1982).

The key statutory prohibition here applies to driving "during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked[.]" ORS 811.182(1); ORS 811.175(1)(a). There is no question that timing is key to whether defendant violated the DWS statutes. But the statute defines the relevant point in time as *a period of time* during which the defendant's license is suspended or revoked. ORS 811.175(1)(a). To be sure, the act charged would be a crime if committed on a date within the period of suspension or revocation and it would not be a crime if committed on a date outside that period. But the statute does not make the specific date of the offense a material element of the crime. Here, the state alleged that defendant drove while suspended on January 24, 2017. It offered evidence that he drove while suspended on December 22, 2016. Both dates fell within the period of suspension.

Defendant argues further that the variance between what was alleged and what was proved requires reversal because it deprived him of the notice needed to prepare a defense. A variance is impermissible if it (1) concerns a material element or (2) prejudices the defendant. *Samuel*, 289 Or App at 627. Whether a variance is material depends

---

[2]   ORS 135.717 provides that

"[t]he precise time at which the offense was committed need not be stated in the accusatory instrument, but it may be alleged to have been committed at any time before the finding thereof and within the time in which an action may be commenced therefor, except where the time is a material element in the offense."

on whether the charging instrument states an offense without the allegation from which the state varied in its presentation of evidence at trial. *State v. Stavenjord*, 290 Or App 669, 672, 415 P3d 1143 (2018). Here, if the date is removed from the information, it would allege that defendant "did unlawfully and criminally drive a motor vehicle upon a highway and premises open to the public, during a period when defendant's driving privileges *** were suspended *** in this state[.]" Thus, the variance is not material.

Defendant's reliance on *Newman*, 179 Or App at 9, in support of his argument that the variance concerned a material element, does not assist him. In that case, the state had alleged that the defendant's license had been suspended by the Department of Motor Vehicles, but it proved that his license had been suspended by the Deschutes County District Court instead. *Id.* at 10. That variance was material because the statute required proof that driving privileges were suspended in this state, the allegation in the indictment served to allege that material element, the state had not otherwise alleged in the indictment that the crime occurred in this state and, therefore, the court could not sever the allegation of the entity that imposed the suspension from the charging instrument. *Id.* at 10-11. Here, the charging instrument alleges that defendant drove during a period of time when his license had been suspended. The date could have been severed from the charging instrument and it would still have alleged the material element of time: during a period of suspension.

Affirmed.