No. 495 July 17, 2024 789

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARDO LUIS RIBAS,
*Defendant-Appellant.*

Linn County Circuit Court
19CR38145; A178917

Brendan J. Kane, Judge.

Argued and submitted May 14, 2024.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for failure to report as a sex offender within 10 days of a change of residence, ORS 163A.040 (2017),[1] assigning error to the trial court's denial of his motion for a judgment of acquittal. He argues that, because time is a material element of the offense, the state was required to prove that he committed the offense by the date alleged in the indictment. As explained below, although we agree with defendant that time is a material element of the offense, we conclude that the state presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that defendant was in violation of the statute by the date alleged in the indictment and therefore affirm.

Defendant is a sex offender with statutory reporting obligations intended to keep law enforcement apprised of an offender's whereabouts and assist law enforcement in preventing future sex offenses. ORS 163A.045; *see also* ORS 163A.005(6) (defining the term "sex offender"). On February 15, 2019, defendant reported in person to the Albany Police Department and notified law enforcement that he was in the process of moving residences but had not yet moved. He provided both his current address in Albany and the address to which he was moving in Lebanon. On May 25, during a routine traffic stop, defendant told the police officer that he lived in Lebanon. The officer performed a record check and, upon learning that defendant's last sex offender registration form listed his Albany address, arrested defendant for failure to report his new Lebanon address. Defendant was subsequently charged with failing to report within 10 days of a change of residence, ORS 163A.040(1)(d), on February 25, 2019. Following a jury trial, defendant was convicted of one count of failure to report as a sex offender.

On appeal, the parties dispute whether time is a material element of the crime of failing to report within 10 days of a change of residence, ORS 163A.040(1)(d). For certain offenses, time is a material element of the crime, requiring

---

[1] ORS 163A.040 was amended in 2022, but that amendment does not apply in this case. Accordingly, all references in this opinion to that statute are to the 2017 version.

the state to prove that the offense occurred on the precise date contained in the indictment. ORS 135.717; *State v. Arriaga-Mendoza*, 316 Or App 667, 670, 504 P3d 703 (2021), *rev den*, 369 Or 733 (2022). That requirement exists to provide a defendant with sufficient notice to properly prepare a defense. Defendant argues that the date is a material element of the crime of failure to report as a sex offender, and that, because the evidence shows that defendant did not commit the offense by the precise date alleged in the indictment, he should have been acquitted. The state responds that time is not a material element of the offense of failure to report following a change of residence. Therefore, according to the state, it is sufficient that a rational trier of fact could find that, prior to the date of defendant's arrest in May, more than 10 days had elapsed since defendant changed residences and failed to report.

We review a denial of a motion for a judgment of acquittal for legal error, viewing the facts in the light most favorable to the state to determine whether a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Miller*, 300 Or App 459, 460, 454 P3d 14 (2019). And whether an element is material is a legal question. *Arriaga-Mendoza*, 316 Or App at 669.

The indictment in this case alleged that, on February 25, 2019, defendant committed the offense of failure to report within 10 days of a change of residence. The question on appeal is whether the state needed to prove that defendant committed the offense by the date alleged in the indictment on February 25, or by the date of defendant's arrest on May 25.

"The precise time at which the offense was committed need not be stated in the accusatory instrument *** except where the time is a material element in the offense." ORS 135.717. "When time is a material element of the charged crime, then ORS 135.717 requires the state to plead the time of commission which must, in turn, be proved at the time of trial, along with all other material elements." *Arriaga-Mendoza*, 316 Or App at 670. Time is a material element of the offense in "crimes in which time is a significant factor, *i.e.*, where the act is a crime if committed at one time but not if committed at some other time." *State v. Howard*,

214 Or 611, 615, 331 P2d 1116 (1958). For example, time is a material element where "a statute should make it a crime to sell liquor on Sunday, *** because a sale at any other time does not constitute a violation of the statute." *Id*.

We turn to the relevant statutory scheme. The key statutory provision here, ORS 163A.040(1)(d), requires that a person subject to sex offender reporting requirements who has knowledge of those requirements report to law enforcement within 10 days of a change of residence. ORS 163A.040 (1)(d);[2] ORS 163A.015(4)(a)(B).[3] Under ORS 163A.040(1)(d), failure to report is a crime that "occur[s] literally at midnight on the tenth day after [a] defendant changed his residence." *State v. Depeche*, 242 Or App 155, 162-63, 255 P3d 502 (2011). Because the act of failure to report is a crime that occurs precisely at midnight on the tenth day after a change of residence, it is not a crime that occurs at any other point in time. *Id*. ("The gravamen of the offense of failure to report as a sex offender *** was the failure to take a specific action—reporting—within a finite period—in this case, 10 days of a change in residence—not, as the state's argument suggests, the absence of action from that point forward."); *cf. Arriaga-Mendoza*, 316 Or App at 670 (holding that time was not a material element of the crime where the statute defines the relevant point in time that the unlawful conduct occurs as a "period of time" and the dates alleged in the indictment fell within that period). In other words, the statute and case law make clear that the "act charged is a crime if committed at one time but not if committed at another," and therefore, the precise date of the offense is a "material element" of the crime. *State v. Tidyman*, 54 Or App 640, 651, 635 P3d 1355 (1981), *rev den*, 292 Or 722 (1982).

---

[2] ORS 163A.040 provides, in relevant part:

   "(1) A person who is required to report as a sex offender *** and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person: ***

   "(d) Fails to report following a change of residence[.]"

[3] ORS 163A.015(4)(a)(B) provides, in relevant part:

   "(4)(a) A person described in subsection (2) of this section shall report, in person, to the Department of State Police, a city police department or a county sheriff's office, in the county to which the person was discharged or released or in which the person was placed in probation: ***

   "(B) Within 10 days of a change of residence[.]"

"The injury or harm specified by [ORS 163A.040(1)(d)] is specific: The legislature has not identified injury or harm in a sex offender's act of moving or, after moving, in waiting up to 10 days before reporting." *State v. McLarrin*, 320 Or App 306, 312, 513 P3d 40 (2022). Instead, "the injury or harm specified by *** ORS 163A.040(1)(d) is the harm to the public caused by a sex offender's act of waiting *more than 10 days* after changing residences without reporting." *Id*. (emphasis in original). Accordingly, in this case, the state was required to prove that defendant did not report by the 10th day after a change of residence—in other words, that on February 25, a 10-day period had passed during which defendant failed to report a change of residence. To do so, the state could have provided evidence that defendant moved on or before February 15.

At trial, the state presented a video exhibit in which the officer who arrested defendant questioned him about his current and previous places of residence. In that video, the officer told defendant that she had heard from another resident that defendant had not lived at his previous address for a year and a half. Defendant acknowledged that, although he continued to receive his mail at the previous address, he did not, in fact, live there at the time. That acknowledgement, viewed in the context of the total evidentiary record and in the light most favorable to the state, would permit a rational trier of fact to find that defendant had changed residences more than 10 days prior to February 25. *See State v. Streeter*, 270 Or App 441, 445-46, 348 P3d 290 (2015) (concluding that "a rational trier of fact, viewing the evidence in the light most favorable to the state, could have found that, [on the date listed in the indictment], defendant had failed to report within 10 days of moving" where there was evidence that defendant had moved "27 days" prior to reporting the change of residence).

Because the state provided evidence from which a reasonable trier of fact could find that the offense was committed by the date alleged in the indictment, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.